# EXHIBIT "A"



Administered by NCDS

**California Dispute Settlement Program**
12900 Hall Road • Suite 401
Sterling Heights, MI 48313
(800) 777-8119
(586) 226-2470
Fax: (586) 226-2559

May 14, 2018

Hugh Nguyen
6810 Foxtail Court
Rancho Cucamonga, CA 91739

Tesla Motors
Tesla Motors
3500 Deer Creek Road
Palo Alto, CA 94304

      RE:    **CASE # TES180008**

Dear Parties:

By direction of the Arbitrator(s), we are enclosing the Decision in the above referenced case.

Enclosed for the vehicle owner is an "Acceptance of Decision" form. The vehicle owner has thirty (30) days from the date of this letter in which the California Dispute Settlement Program (CDSP) must receive the "Acceptance of Decision" form. The form can be mailed to:

        **California Dispute Settlement Program**
        **12900 Hall Road**
        **Suite 401**
        **Sterling Heights, MI 48313**

You may also email or fax the form to our office.

Thank you for your cooperation in resolving this matter through the California Dispute Settlement Program. Should you have any questions regarding the "Acceptance of Decision," please contact CDSP at 888-300-6237. Failure to return this form within thirty (30) days from the date of this letter will be considered a rejection of the Arbitrator's Decision and therefore, CDSP will close your case.

Enclosed, please find additional information required to be disclosed, in accordance with California Code of Regulations, Title 16, Section 3398.12. Finally, you may obtain, at a reasonable cost, copies of all the case records related to this dispute.

                Sincerely,

                CDSP

                Diane Kimbrough x.120
                Case Administrator

Enclosures: as noted
cc: Bruce Wilson

*Where interests converge, agreements emerge*



Administered by NCDS

**California Dispute Settlement Program**
12900 Hall Road • Suite 401
Sterling Heights, MI 48313
(800) 777-8119
(586) 226-2470
Fax: (586) 226-2559

DATE: May 14, 2018

CUSTOMER: Hugh Nguyen

**CASE #: TES180008**

I understand that I am not bound to the Decision of the Arbitrator(s) in my case unless I accept it. If I reject the decision, or am dissatisfied with Tesla Motors eventual performance, I may pursue other legal remedies, including the use of small claims court. Whether or not I accept the Decision, however, the Decision is admissible in any subsequent legal proceeding concerning the dispute.

I also understand that if I accept the Decision, Tesla Motors will be legally bound by the Decision.

*You must mark one of the boxes below, otherwise, the California Dispute Settlement Program (CDSP) will consider that no response has been made to the Decision and your case will be closed accordingly.*

I ACCEPT THE DECISION                                       (  )

I DO NOT ACCEPT THE DECISION                                (  )

SIGNED: _____

DATE: _____

*Where interests converge, agreements emerge*

# CALIFORNIA DISPUTE SETTLEMENT PROGRAM

| |
|---|
| In the matter of the Arbitration between<br><br>Hugh Nguyen<br>("Customer(s)")<br><br>and<br><br>Tesla Motors<br>("Tesla") |

# DECISION
## Case # TES180008

I, Bruce Wilson, was appointed pursuant to CDSP rules as Arbitrator to hear and determine disputes, which had arisen between the Customer(s), Hugh Nguyen and Tesla regarding a
2014 Model S.

By a notice given on April 11, 2018, the parties were advised that a hearing would be conducted at Hotel / Conference Center on May 4, 2018 at 10:00 AM.

Present on that date were:

| | |
|---|---|
| Mr. Hugh Nguyen | Customer |
| Mr. Ryan McCarthy | Manufacturer Representative (via speakerphone) |
| Ms. Tamekia Christie | California Department of Consumer Affairs |

The complaint(s) existing between the parties were set forth on a "Customer Claim Form" received by CDSP on April 6, 2018, and were confirmed or modified at the time of the hearing. They may be summarized as follows:

The Customer stated concern with severe battery degradation. The Customer requested a repair.

**SUMMARY OF PRESENTATION:**

The parties presented and I reviewed and considered the following evidence:

1. The Customer Claim Form, dated 4/5/18, including the following:

a) Email messages dated 12/17/17, 3/16/18, and 3/28/18 between the Customer and Tesla Customer Support.
b) Tesla Motors of Buena Park Repair Invoice Reference Number RONS318019513, dated 3/6/18, with odometer reading of 78,607 miles.
c) A one-page report dated 3/6/18 titled "TESLA ISSUES" listing "Outstanding Issues From Last Service."
d) A one-page document titled "Selling 13 Model S 60 with CPO Warranty" downloaded from teslamotorsclub.com website on 4/4/18.
e) An eight-page document titled "2014 MS60 Rated Range" downloaded from teslamotors.com website on 4/4/18.

2. The Manufacturer Response Form, dated 4/5/18, including the following:

a) Tesla Motors of Buena Park Repair Invoice Reference Number RONS318017229 dated 12/16/17 (Exhibit A).
b) Tesla Motors of Buena Park Repair Invoice Reference Number RONS318018680 dated 2/2/18 (Exhibit B).
c) Tesla Motors of Buena Park Repair Invoice Reference Number RONS318019513 dated 3/6/18 (Exhibit C).
d) A copy of a Tesla vehicle report pertaining to the subject vehicle (Exhibit D).
e) A three-page excerpt from the applicable Owners guide (Exhibit E).

3. Additional evidence presented during the hearing by the Customer:

a) A one-page statement describing the Customer's service experience with the vehicle.
b) A copy of the Manufacturer Response Form with handwritten notations added by the Customer.
c) A copy of an article dated 4/15/18, downloaded from techspot.com/news website, titled "Tesla batteries retain more than 90% capacity past 160,000 miles, informal study shows."
d) Tesla Motors of Costa Mesa Repair Invoice Reference Number RONC9646065397 dated 4/20/18, with odometer reading of 79,323 miles.

According to the Customer Claim Form, the Customer purchased the vehicle as a used vehicle on November 15,

2017, and its odometer registered 78,865 miles on April 5, 2018. According to the Customer Claim Form, the Customer's complaint is that the vehicle's battery has severe degradation. Said form also reports that this complaint has been reported to the Dealership three different times, and it still exists. When I asked, the Customer reported that he hadn't brought the vehicle to the hearing, but that instead it is currently located at the Tesla Service Center in Costa Mesa.

The Customer introduced a one-page written statement which describes his experience with the vehicle, and explains why he is claiming that its battery is defective. The Customer then referred to the eight-page document titled "2014 MS60 Rated Range" downloaded from teslamotors.com website as supporting evidence for his contention that the vehicle's battery is defective.

The Customer also presented a marked up copy of the Manufacturer Response Form in which he clarified that his main concern is that the vehicle's maximum rated range displayed when its battery is fully charged is less than he expects based on the research he has conducted of other like vehicles.

The Customer complained that he is not satisfied with Tesla's argument that the vehicle's battery is not defective, and requested that he be awarded a warranty replacement of the vehicle's battery.

The Manufacturer Response Form reports that the Manufacturer's position is that the vehicle's battery is not defective, and that the condition complained of by the Customer does not substantially impair the vehicle's use, value or safety. Said form further explains that the Customer typically charges the vehicle's battery to only 90% of capacity, instead of 100%, which is one factor in why the vehicle's maximum rated range is less than expected. The Manufacturer Representative advised the Customer on how the vehicle's maximum rated range could be improved over time by modifying his charging and discharging limits.

The Manufacturer Representative also argued that the information the Customer obtained from the internet is not verifiable, and therefore should not be admissible evidence. Finally, the Manufacturer Response Form reports that the Manufacturer considers that the vehicle's battery continues to operate at a reasonable and expected level, and requests that the Customer's claim be denied.

The vehicle could not be inspected at the hearing because it was not available for doing so. Therefore, I was not

able to verify the vehicle's Vehicle Identification Number (VIN), nor observe its current odometer reading.

**DECISION:**

After reviewing the complaint(s) and hearing the proofs and arguments of the parties and taking into consideration the applicable manufacturer's new vehicle warranty, and the applicable warranty law including the applicable State Statute commonly referred to as the "Lemon Law," and after due deliberation, I find and Award as follows:

The Customer's request that he be awarded a warranty repair is hereby DENIED.

I have reached this decision because I was not able to find by a fair preponderance of the credible evidence that the vehicle has a manufacturing defect, malfunction, or nonconformity. I further found that performance of the vehicle's battery is not abnormal, but can probably be enhanced by following an improved maintenance procedure.

This constitutes my complete DECISION as to all the complaint(s) submitted to me for determination.

May 9, 2018
DATE

Bruce Wilson

# **IMPORTANT DISCLOSURES FOR CALIFORNIA CONSUMERS**

Pursuant to the California Code of Regulations §3398.12(a) 5, 7, 9, 10 and 11; §3398.12(b); §3398.12(c); and §3398.12(d) Consumers should be aware of the following:

- If the decision provides for a further repair attempt or any other action by Tesla Motors, CDSP will ascertain from the Consumer whether performance has occurred.

- The Consumer may obtain a copy of CDSP's written operating procedures upon request and without charge.

- The Consumer may regain possession (without charge) of all documents which the Consumer has submitted to CDSP, except where good accounting practice requires that Tesla Motors, retains original documents upon which disbursements have been made.

- If Tesla Motors is required to perform any obligations as part of a settlement, or if Tesla Motors is obligated to take any action to implement a decision, CDSP shall ascertain from the Consumer, within 10 days after the date set for performance, whether such performance has occurred.

- If the Consumer asserts that Tesla Motors performance of a further repair attempt has not occurred to the Consumer's satisfaction, CDSP shall promptly inform the Arbitrator who decided the dispute of all of the pertinent facts. In that event, the Arbitrator (or a majority of the Arbitrators) may decide to reconsider the decision. A decision under this subdivision to reconsider a decision may be made at any time and need not be made at a meeting to decide disputes (Section 3398.7).

- If the Arbitrator decides to reconsider the decision, the decision to reconsider shall be deemed to constitute notification of the dispute (Section 3398.4), and the program shall investigate the dispute and in all respects treat it as a new dispute, except that the program shall expedite all phases of the process, and the same Arbitrator or Arbitrators, if reasonably possible, shall decide the dispute.

- If the Consumer has a complaint regarding the operation of CDSP, the Consumer may register a complaint with the California Department of Consumer Affairs, Arbitration Certification Program.

- California Department of Consumer Affairs, Arbitration Certification Program, 1625 North Market Blvd., Suite N112, Sacramento, CA 95834, (916) 574-7350.

- **POST DECISION SURVEY:** In accordance with the provisions of the California Business & Professions Code §472.4, the California Department of Consumer Affairs, Arbitration Certification Program (ACP), is required to annually measure Consumer satisfaction with each of the arbitration programs. The ACP will be conducting a post decision survey to obtain your overall arbitration experience, as this will help the ACP to improve the arbitration process. Please notify the ACP of any address or contact information changes.