



Administered by NCDS

**California Dispute Settlement Program**
12900 Hall Road • Suite 401
Sterling Heights, MI 48313
(800) 777-8119
(586) 226-2470
Fax: (586) 226-2559

October 29, 2018

Hugh Nguyen
6810 Foxtail Ct.
Rancho Cucamonga, CA 91739

Tesla Motors
Tesla Motors
6800 Dumbarton Circle
Fremont, CA 94555

       **RE:**    **CASE # TES180031**

Dear Parties:

By direction of the Arbitrator(s), we are enclosing the Decision in the above referenced case.

Enclosed for the vehicle owner is an "Acceptance of Decision" form. The vehicle owner has thirty (30) days from the date of this letter in which the California Dispute Settlement Program (CDSP) must receive the "Acceptance of Decision" form. The form can be mailed to:

        **California Dispute Settlement Program**
        **12900 Hall Road**
        **Suite 401**
        **Sterling Heights, MI 48313**

You may also email or fax the form to our office.

Thank you for your cooperation in resolving this matter through the California Dispute Settlement Program. Should you have any questions regarding the "Acceptance of Decision," please contact CDSP at 888-300-6237. Failure to return this form within thirty (30) days from the date of this letter will be considered a rejection of the Arbitrator's Decision and therefore, CDSP will close your case.

Enclosed, please find additional information required to be disclosed, in accordance with California Code of Regulations, Title 16, Section 3398.12. Finally, you may obtain, at a reasonable cost, copies of all the case records related to this dispute.

        Sincerely,

        CDSP

        *Diane Kimbrough* (signature)

        Diane Kimbrough x.120
        Case Administrator

Enclosures: as noted



Administered by NCDS

**California Dispute Settlement Program**
12900 Hall Road • Suite 401
Sterling Heights, MI 48313
(800) 777-8119
(586) 226-2470
Fax: (586) 226-2559

DATE: October 29, 2018

CUSTOMER: Hugh Nguyen

**CASE #: TES180031**

I understand that I am not bound to the Decision of the Arbitrator(s) in my case unless I accept it. If I reject the decision, or am dissatisfied with Tesla Motors eventual performance, I may pursue other legal remedies, including the use of small claims court. Whether or not I accept the Decision, however, the Decision is admissible in any subsequent legal proceeding concerning the dispute.

I also understand that if I accept the Decision, Tesla Motors will be legally bound by the Decision.

*You must mark one of the boxes below, otherwise, the California Dispute Settlement Program (CDSP) will consider that no response has been made to the Decision and your case will be closed accordingly.*

I ACCEPT THE DECISION                                              (  )

I DO NOT ACCEPT THE DECISION                                       (  )

SIGNED: _____

DATE: _____

*Where interests converge, agreements emerge*

# CALIFORNIA DISPUTE SETTLEMENT PROGRAM

| |
|---|
| In the matter of the Arbitration between<br><br>Hugh Nguyen<br>("Customer(s)")<br><br>and<br><br>Tesla Motors<br>("Tesla") |

**DECISION**
**Case #** TES180031

I, Brian Stranahan, was appointed pursuant to CDSP rules as Arbitrator to hear and determine disputes, which had arisen between the Customer(s), Hugh Nguyen and Tesla regarding a
2014 Model S.

By a notice given on October 2, 2018, the parties were advised that a hearing would be conducted at Hotel / Conference Center on October 15, 2018 at 10:00 AM.

Present on that date were:

| | |
|---|---|
| Hugh Nguyen | Customer |
| Ryan McCarthy | Manufacturer Representative (via speakerphone) |
| Tamekia Christie | California Department of Consumer Affairs |

The complaint(s) existing between the parties were set forth on a "Customer Claim Form" received by CDSP on September 22, 2018, and were confirmed or modified at the time of the hearing. They may be summarized as follows:

The Customer stated issues with the battery. The Customer requested a repair.

**SUMMARY OF PRESENTATION:**

Arbitration was called to order at 10:06 AM on 10-15-18. Introductions were completed. An opening statement was read by me. Customer was asked if he received all information form CDSP and if he had any questions of procedure. Customer stated he had an arbitration regarding the same issue in April and therefore had no questions.

Items issued for evidence:
Customer Claim Form dated 10-19-2018.
Prior arbitration decision dated May 5, 2018.
Manufacturer's Response Form.
Customer Response to Manufacturers Response Form
Customer's 45-page POF received by CDSP on October 12, 2018 consisting of customer 2-page explanation, numerous vehicle screen shots, repair order forms with highlighted text and web pages with highlighted text.

It was stipulated that the vehicle currently had around 83,500 miles as it was not seen in person.

Customer Testimony:
Customer stated that the battery degradation of his vehicle was higher than Tesla had stated it was during a visit to the service center. Customer also stated that degradation of the battery was not mentioned to him at time of purchase. Customer stated that he is an engineer and by his calculations the degradation of the battery was much higher than Tesla stated as their calculations were flawed. He stated his current range on a charge is between 150 and 162 miles. Customer stated that the first time he charged it got between 160-165 miles. Customer stated he was told by Tesla to drive the vehicle until the battery was almost completely discharged before recharging. Then to recharge to condition the battery. He stated he did so for almost 2 months with no change. A long discussion followed on degradation and how it affects battery charging and mileage. Customer stated from the date of purchase his battery has degraded by 21%-24% and not the 13%-15% that Tesla claims. He stated that information he obtained from the web supports his testimony.
He would like the Battery replaced

Manufacturer Representative Testimony
When purchased this was a used vehicle with 75,815 miles on the odometer. NO defects in the battery were found or exist. Customer can determine percent of charge to place the vehicle to and records state it is usually set to 90% charge with the range showing 187 miles. The Monroney

Label on a new vehicle states, "When fully charged, vehicle can travel about 208 miles". This he stressed is for a brand-new vehicle and uses the word can and not will. Ranges for a Tesla are always an approximation and many factors affect the range. Battery degradation is normal, and this vehicle has been consistent since the last arbitration, (see MRF page 3, Time V Mileage chart). As for degradation, that is normal for all cars with batteries. Any information the customer got from the internet cannot be substantiated and should not be considered.

Due to the cost of the battery it is not replaced unless there is an actual problem. Batteries are not replaced simply because of degradation, which is normal. This battery tests normal and continues to function within parameters for a vehicle of this age and mileage. The battery is covered by Tesla for 8 years and unlimited mileage. Should it become defective it will be replaced under warranty. Tesla asks that the customer's claim be denied.

Question was placed to Manufacturer by Arbitrator: Can you correlate battery degradation to mileage? Answer was it is too complicated for a simple answer.

Question from Arbitrator to Customer: What was the best mileage you have received on this vehicle? Answer: The first time it was charged about 160-165 miles.

**DECISION:**

After reviewing the complaint(s) and hearing the proofs and arguments of the parties and taking into consideration the applicable manufacturer's new vehicle warranty, and the applicable warranty law including the applicable State Statute commonly referred to as the "Lemon Law," and after due deliberation, I find and Award as follows:

After reviewing all the testimony and giving proper weight to the evidence submitted, I can find nothing that affects the use, value or performance of this vehicle. Further that there does not exist any manufacturing defect in this vehicle and it is operating as designed. Therefore, the Customers request for a replacement HV battery is denied.

This constitutes my complete DECISION as to all the complaint(s) submitted to me for determination.

October 29, 2018
Date

Brian Stranahan

# **IMPORTANT DISCLOSURES FOR CALIFORNIA CONSUMERS**

Pursuant to the California Code of Regulations §3398.12(a) 5, 7, 9, 10 and 11; §3398.12(b); §3398.12(c); and §3398.12(d) Consumers should be aware of the following:

- If the decision provides for a further repair attempt or any other action by Tesla Motors, CDSP will ascertain from the Consumer whether performance has occurred.

- The Consumer may obtain a copy of CDSP's written operating procedures upon request and without charge.

- The Consumer may regain possession (without charge) of all documents which the Consumer has submitted to CDSP, except where good accounting practice requires that Tesla Motors, retains original documents upon which disbursements have been made.

- If Tesla Motors is required to perform any obligations as part of a settlement, or if Tesla Motors is obligated to take any action to implement a decision, CDSP shall ascertain from the Consumer, within 10 days after the date set for performance, whether such performance has occurred.

- If the Consumer asserts that Tesla Motors performance of a further repair attempt has not occurred to the Consumer's satisfaction, CDSP shall promptly inform the Arbitrator who decided the dispute of all of the pertinent facts. In that event, the Arbitrator (or a majority of the Arbitrators) may decide to reconsider the decision. A decision under this subdivision to reconsider a decision may be made at any time and need not be made at a meeting to decide disputes (Section 3398.7).

- If the Arbitrator decides to reconsider the decision, the decision to reconsider shall be deemed to constitute notification of the dispute (Section 3398.4), and the program shall investigate the dispute and in all respects treat it as a new dispute, except that the program shall expedite all phases of the process, and the same Arbitrator or Arbitrators, if reasonably possible, shall decide the dispute.

- If the Consumer has a complaint regarding the operation of CDSP, the Consumer may register a complaint with the California Department of Consumer Affairs, Arbitration Certification Program.

- California Department of Consumer Affairs, Arbitration Certification Program, 1625 North Market Blvd., Suite N112, Sacramento, CA 95834, (916) 574-7350.

- **POST DECISION SURVEY:** In accordance with the provisions of the California Business & Professions Code §472.4, the California Department of Consumer Affairs, Arbitration Certification Program (ACP), is required to annually measure Consumer satisfaction with each of the arbitration programs. The ACP will be conducting a post decision survey to obtain your overall arbitration experience, as this will help the ACP to improve the arbitration process. Please notify the ACP of any address or contact information changes.