Edward C. Chen (SBN 312553)
LAW OFFICES OF EDWARD C. CHEN
1 Park Plaza, Suite 600
Irvine, CA 92614
Telephone: (949) 287-4278
Facsimile: (626) 385-6060
Edward.Chen@edchenlaw.com

*Attorney for Plaintiffs and the Proposed Classes*

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUGH NGUYEN, TODD WOLVEN, IAN ELLWOOD, E'RIKA BROCK, individuals, on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>TESLA, INC. d/b/a/ TESLA MOTORS, INC., a Delaware corporation,<br><br>Defendant. | **Case No. 8:19-cv-01442-JLS-JDEx**<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR RECONSIDERATION; MEMORANDUM OF POINTS AND AUTHORITIES; AND DECLARATIONS IN SUPPORT**<br><br>**[Proposed Order Filed Concurrently Herewith]**<br><br>Date:        June 19, 2020<br>Time:        10:30 a.m.<br>Courtroom:  10A |

**TO THE COURT, ALL PARTIES, AND THEIR RESPECTIVE COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that Plaintiffs HUGH NGUYEN, TODD WOLVEN, IAN ELLWOOD, AND E'RIKA BROCK (collectively, "Plaintiffs") hereby move the Court for reconsideration of the Order re Defendant Tesla, Inc.'s ("Tesla") Motion to Compel Arbitration and Stay of Proceedings Pending Arbitration (ECF, Doc. 21). On June 12, 2020 at 10:30 a.m., or at another time deemed safe by the Court, or at a time set by the Court for the parties to appear telephonically, Plaintiffs shall appear in Courtroom 10A of the United States District Court for the Central District of California, located in the Ronald Reagan Federal Building, at 411 West 4th Street, Santa Ana, CA 92701, and furthermore, respectfully request that the Court reconsider its ruling that Plaintiffs in the instant case be compelled to arbitrate their claims.

Plaintiffs bring this motion for reconsideration and respectfully request that the Court amend or alter its April 6, 2020 Order [Dkt. 21] pursuant to Federal Rule of Civil Procedure 59(e) on the basis that the newly discovered evidence that was not previously available despite reasonable efforts of Plaintiffs and Plaintiffs' counsel in doing so, and also because the Court made an initial decision that was manifestly unjust by failing to properly consider evidence submitted by Plaintiffs in their opposing brief. Fed. R. Civ. P. 59(e).

Additionally, Plaintiffs respectfully request that the Court reconsider its ruling pursuant to Federal Rule of Civil Procedure 60(b), where there has been clear fraud, misrepresentation, and similar misconduct that has occurred here, due to the fact that Tesla and its counsel have submitted not one, but multiple different forms of false evidence, including false declarations of two separate witnesses. Reconsideration is warranted here where counsel for Tesla has expressly breached its duty of candor to the Court and has failed to take any remedial measures despite being made aware of the fact that the evidence that was previously submitted to the Court was false. Fed. R. Civ. P. 60(b)(1)-(6).

Furthermore, reconsideration is permittable under the Local Rules of this District and the Court must grant such requests for reconsideration where there have been a "manifest showing of a failure to consider material facts presented to the Court before such decision. C.D. Cal. L.R. 7-18(c). Additionally, and as required by the Local Rules of this Court, Plaintiffs' motion for reconsideration does not, "in any manner repeat any oral or written argument made in support of or in opposition to the original motion." *Id.* Instead, Plaintiffs simply seek to shed light upon the fact that Tesla and its counsel has perpetrated

multiple frauds upon the Court, whereas Plaintiffs and Plaintiffs' counsel have done as much as they possibly could have to advance their position while upholding the duty of candor.   For these reasons, Plaintiffs would respectfully urge that the Court grant justice here, for failure to, at the very least, consider Plaintiffs' evidence that the Court did not consider in its initial ruling.   Without permitting the reconsideration of Plaintiffs' arguments in rendering the initial ruling, the Court will then have clearly and wrongfully based such a ruling on key substantive issues that were based upon fake and fraudulent evidence and declarations submitted by Tesla.

Lastly, Tesla and its counsel will likely attempt to obfuscate the fact of their wrongdoing and  argue that Plaintiffs' and Plaintiffs' counsel should bear some portion of the blame here and may even request sanctions to be issued by the Court.   Plaintiffs and Plaintiffs' counsel sincerely apologize for any delay and inconvenience that this may have caused the Court, however, any blame apportioned to them does not rise above the level of excusable neglect, inadvertent error, or mistake that would require the Court's denial of the instant request for reconsideration.

This Motion for Reconsideration is based upon the Memorandum of Points and Authorities attached hereto; the Declarations in Support Thereof, the pleadings and papers filed in this action; any oral argument as may be presented at the hearing on the Motion; and any other such evidence of which the Court may take judicial notice of and consider.  This motion is made following the conference of counsel pursuant to Local Rule 7-3, which took place by electronic-mail between April 14 – April 16, 2020. (Declaration of Edward Chen, ¶¶ 2-6).

Dated: May 4, 2020                                   Respectfully submitted,

                                                     **LAW OFFICES OF EDWARD C. CHEN**


                                              By:_____/s/ Edward C. Chen_____
                                                     Edward C. Chen (SBN 312553)
                                                     *Attorney for Plaintiffs and the Proposed Classes*

Edward C. Chen (SBN 312553)
LAW OFFICES OF EDWARD C. CHEN
1 Park Plaza, Suite 600
Irvine, CA 92614
Telephone: (949) 287-4278
Facsimile: (626) 385-6060
Edward.Chen@edchenlaw.com

*Attorney for Plaintiffs and the Proposed Classes*

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUGH NGUYEN, TODD WOLVEN, IAN ELLWOOD, E'RIKA BROCK, individuals, on behalf of himself and all others similarly situated,<br><br>     Plaintiffs,<br><br> **v.**<br><br>TESLA, INC. d/b/a/ TESLA MOTORS, INC., a Delaware corporation,<br><br>    Defendant. | **Case No. 8:19-cv-01442-JLS-JDEx**<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATIONS OF HUGH NGUYEN AND EDWARD C. CHEN IN SUPPORT**<br><br><br>Date:  June 19, 2020<br>Time:  10:30 a.m.<br>Courtroom: 10A |

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.    INTRODUCTION

Plaintiffs move the Court to reconsider the prior Order compelling arbitration of Plaintiffs individual claims against Tesla (Doc. 21) pursuant to Federal Rules of Civil Procedure 59(e), 60(b)(1) - (b)(6) and pursuant to the additional limitations imposed by  Local Rule 7-18.   While Plaintiffs motion for reconsideration are allowable and valid under each of the three rules, the common thread that links them together is the fact that the Court erred by ultimately deciding to disregard the warranty document that Plaintiffs proffered as evidence in opposition to Tesla's effort to compel arbitration.  This was based upon false evidence and false declarations submitted under penalty of perjury by Tesla and its counsel.

The Court's ruling, however, was made in error at no fault of its own, and instead, the decision was reached after relying upon a mixture of Plaintiffs' actions that amount to no more than simple mistake and/or excusable neglect, and largely combined with and influenced by, Tesla's misleading and false evidence, and Tesla's submission of perjurious and fraudulent witness declarations.  More specifically, Tesla submitted false evidence in the form of a fake and inapplicable warranty document and bolstered such false evidence by submitted fraudulent and perjurious declarations that Tesla and Tesla's counsel knew were untrue.  To make matters worse, Tesla and its counsel failed to even attempt in taking appropriate remedial measures after having learned of the deficiencies in the evidence it presented and relied upon.  The failure to act by taking any reasonable remedial measures is an express violation of the Rules of Professional Conduct that govern the profession of law.   Tesla's latest act shows the lengths that it will take to continue denying Plaintiffs more than reasonable requests for relief, and comes in stark difference to Plaintiffs' honesty and Plaintiffs' refusal to commit perjury or fraudulently mislead the Court just to obtain a victory.

Specifically, the Court incorrectly found in its prior ruling that Plaintiffs' evidence in the form of an attached warranty lacked proper foundation, thereby disregarding one of Plaintiffs' key arguments against mandatory arbitration and evidence regarding the invalidity of the arbitration clause(s) that Tesla raised in support of their contentions.[1]   Plaintiffs bring this motion in order to shed light on the false

---

[1] *See* Doc. 21, fn. 1, fn. 5

evidence and perjurious declarations submitted by Tesla, and do bring this instant motion with the hope that Tesla and its counsel will effectively be deterred from repeating the same behavior.  Reconsideration is warranted here, where Plaintiffs and Plaintiffs' counsel were simply adhering to the rule and had no intent to conjure up evidence or otherwise make false statements to the Court just to obtain victory.

## II.    ARGUMENT

### A.  Reconsideration Under FRCP 59(e) is Warranted Here Where New Evidence Has Been Discovered and Where the Initial Decision Was Manifestly Unjust

Under Federal Rule of Civil Procedure 59(e), reconsideration is appropriate "if (1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law." *SEC v. Platforms Wireless Int'l Corp*., 617 F.3d 1072, 1100 (9th Cir. 2010) (internal quotation marks omitted); *see also* C.D. Cal. R. 7-18 (Motion for Reconsideration). Relying on this first ground, Plaintiffs stress to the Court that reconsideration is appropriate here because the Court ultimately based its ruling under the false pretense that Plaintiffs' had expressly assented to mandatory arbitration and that there were no conflicting arbitration agreements at issue.

The Court's evidentiary ruling has severely prejudiced Plaintiffs and such ruling would be manifestly unjust if upheld, based on the fact that the evidence proffered by Plaintiffs is the applicable and true document.  This document also contains the actual method and process for dispute resolution that Plaintiff Nguyen had actually assented to and should have been considered here.  The Court did not give any weight whatsoever to the fact that Plaintiff Nguyen tried, in absolute good faith, to establish the foundation for the fact that the evidence proffered to the court was proper and admissible evidence.   More specifically, the Court decided not to consider Plaintiffs' evidence of the applicable warranty document at issue, and therefore did not consider Plaintiffs' key arguments against compelling mandatory arbitration based upon the argument that the arbitration agreements are invalid and conflicting.  Instead, the Court was likely swayed by Tesla's introduction of not one, but two Tesla personnel who declared that Tesla's warranty version was the applicable one and Plaintiff Nguyen had agreed to that version.   The Court was

misled by Tesla to make an evidentiary ruling in favor of Tesla, however, the Court was unaware of the fact that Tesla's evidence and declarations were all false.

In fact, Plaintiff Nguyen specifically declared, under penalty of perjury, that the warranty document proffered as evidence was the one that he was explicitly following directions from.  (See *Nguyen Decl..,* Doc. 17-1).  The Court erred by not considering Plaintiffs' evidence and arguments, despite the fact that the warranty document proffered by Plaintiffs was the correct version.  Plaintiff Nguyen and Plaintiff's counsel conducted and made a diligent and reasonable effort to search for the document that Plaintiff Nguyen had received for his vehicle, personally.  (Nguyen Decl. ¶ 9)  (Declaration of Edward C. Chen, ¶ 7-9) ("Chen Decl.").  In fact, Plaintiff's counsel made multiple attempts to confirm with Plaintiff Nguyen as to the authenticity and relevance of the warranty document at issue.  (Chen Decl. ¶ 9).  Unfortunately, due to inadvertent mistake, excusable neglect, and error of Plaintiffs' counsel, and the difficulties that Plaintiff Nguyen and Plaintiffs' counsel had in obtaining the document left Plaintiff Nguyen with having to verify and authenticate a similar, and original document in the manner that was done.  Unfortunately, Plaintiff Nguyen and Plaintiffs' counsel were unable to locate Plaintiff Nguyen's document, yet Plaintiffs did not lie or misrepresent any facts of the evidence that was introduced in Plaintiffs opposing brief.

Tesla misled the Court by submitting false evidence and fake declarations from perjurious witnesses and Tesla's counsel breached its duty of candor to the Court.  The Court erred in making an evidentiary ruling and choosing not to consider Plaintiffs' evidence and may likely have been persuaded by Tesla's presentation of the false evidence to the Court.  Here, Tesla submitted declarations from two different Tesla personnel in an attempt to further bolster its fraudulent position and fake arguments. [2]  It is clear that Tesla

---

[2] *See Nager et al. vs. Tesla Motors Inc.,* Case No. 19-2382-JAR (D. Kan. Sep. 3, 2019) ("Defendant's evidence is inadequate to meet its burden to demonstrate an enforceable agreement to arbitrate.  Defendant has included, multiple times, a copy of its standard Motor Vehicle Order Agreement, which undeniably contains language requiring arbitration of any dispute between plaintiffs and defendant.  But what is at issue in this case is not whether defendant's Agreement contains arbitration language; it is whether plaintiff ever agreed to submit to arbitration.  Defendant argues that plaintiffs electronically accepted the Agreement and that electronic signature constitutes assent to the contract. Defendant has provided affidavits attesting to the how purchases are generally made, but they have not proffered any evidence that plaintiffs actually went through these processes to purchase their vehicle.  Defendant has not offered any

submitted false evidence and declarations to mislead the Court and to wrongfully convince the Court that a valid agreement to arbitrate existed and that there was no conflict of the arbitration provisions between the purchase agreement and the warranty document. *Id.* While Tesla willfully introduced false evidence and fake testimony, and grossly misled the Court to wrongfully believe that there was, in fact, no actual conflict between the agreements, Plaintiffs chose not to mislead the Court and to proffer the evidence it had available in a manner that would neither deceive nor trick the Court. In other words, Plaintiffs were simply telling the truth and did not make any false representations to the Court.

The fact is that Plaintiffs had exercised reasonable diligence in trying to obtain the exact warranty document that Plaintiff Nguyen actually received, however, due to issues encountered with locating the documents and impending filing deadline, Plaintiff Nguyen was able to provide to the best of his personal knowledge, that the terms contained within the warranty document that had ultimately been submitted to the Court as evidence was one that he was aware of and had been following the terms of all along. (Nguyen Decl. ¶¶4-6). The Court's decision not to consider Plaintiffs' evidence and arguments resulted in a clear error that is manifestly unjust. This injustice is exacerbated by the fact that the Court's decision was based and influenced largely on false evidence and fraudulent perjurious testimony submitted by Tesla.

Indeed, the Court found that "[t]he warranties Tesla submitted as Exhibits 1 and 2 to the Fraser Declaration were effective from September 2017 to January 2018 (Fraser Decl. ¶¶ 2-3.) (Order, Doc. 22 at fn. 1.) Based upon this false statement made by a Tesla party under penalty of perjury, the Court inferred that the warranty version submitted by Tesla was the right document and therefor applied to the Plaintiffs here. Going further, Tesla states in footnote 6 to its Reply brief the following:

> "Nguyen attaches the '2014-2015' used vehicle warranty to his declaration, but fails to authenticate it, declaring only that a 'copy of the only Tesla Preowned Vehicle Limited Warranty that I am aware of is attached hereto

---

business record that establishes plaintiffs clicked through and electronically accepted the Agreement, despite its assertion that the company electronically stores documents and other information pertaining to its vehicle sales. The court agrees with plaintiffs that defendant has offered what appears, for purposes of this dispute, to be 'just some random document with no connection to plaintiffs or the transaction at issue in this case.' Plaintiffs do not dispute placing an order, which is what defendant's evidence confirms; the manner and logistics of the order appear to be the relevant factual issues in dispute."

as Exhibit 'A' (cit. omitted)  Nguyen does not allege that he received a copy of this document, and does not otherwise allege any facts to suggest it applies to him.  He appears to have found it online…"

(Tesla's Reply, Doc. 18, pg. 8, fn. 6).

Based upon the warranty documents that Tesla proffered as evidence, the Court found that there was no issue or conflict of the agreements and then held erroneously that Plaintiffs had clearly assented to arbitration of their claims. (Dkt. 15-21; Dkt. 18-6).  Again, Plaintiffs are unable to see how they "did not allege any facts to suggest" that the warranty document proffered as evidence by Plaintiffs did not apply to Plaintiff Nguyen.  Plaintiff Nguyen's own declaration explicitly states that he was following the terms of the warranty document the entire time.  (Doc. 18-1).  The fact is that Plaintiff Nguyen did not want to lie or submit a false statement under oath and penalty of perjury.  (Nguyen Decl. ¶ 6).  In any event, Plaintiffs should not be prejudicially penalized by the mistakes or inadvertent errors of their counsel, and the Court has the discretion to set aside its initial order and reconsider Plaintiffs' opposition brief with all evidence in support thereof being considered as well.  (*See* FRCP 60(b)(1) which "provides for a party or their legal representative to obtain relief from an adverse judgment of a federal court for "mistake, inadvertence, surprise or excusable neglect." Fed. R. Civ. P. 60(b)(1)).

The Court ultimately accepted Tesla's version of the evidence as true and decided not to give any weight to Plaintiff's honest and truthful statements.  In light of the fact that the actual, operative warranty document at issue here has since been discovered, and that the Court's prior decision on the order was made based upon false statements that were quite clearly and recklessly made without actual personal knowledge, under penalty of perjury by Tesla's declarants, reconsideration must be granted so as to avoid any further perpetration of fraud by Tesla.

The situation here is similar to a matter involving the ride-sharing company, Uber.  In *Lucius Manning vs. Uber Technologies Inc.,* 358 F.Supp.3d 962, 965 (2019), the court found that Uber failed to submit adequate and authenticated evidence of a document that was submitted in a reply brief.  Additionally, the court held that the attorney for Uber had no personal knowledge of the documents and was an improper witness to admit them as they were not self-authenticating.  *Id.*  Importantly, the court held that "Uber seems to think that if an Uber attorney or Uber employee says something an opposing party and the court

must accept the statement as true. Wrong." *Id.* The court also struck down Uber's arguments where such an evidentiary showing was approved, however, the differing factor was that in the cases cited, there was either actual proof of signatures, or the party challenging arbitration did not challenge the authenticity of the document. *Id.* ("[i]n that context, the [courts] held that the plaintiff's testimony that he or she did not recall signing the agreement was not sufficient to create a dispute warranting discovery. *See, e.g., Cortez v. Ross Dress for Less, Inc., 2014 WL 1401869, *3* (C.D. Cal. April 10, 2014) (the defendant produced agreements with the plaintiff's electronic signature); *Sundquish v. Ubiquity, Inc., 2017 WL 3721475, *2, 4* (S.D. Cal. Jan. 17, 2017) (the defendant produced arbitration agreements signed by the plaintiffs and the plaintiffs did not dispute the authenticity of their signatures nor that they entered into the agreements); Loewan v. Lyft, Inc., *2015 WL 12780465 *5 (N.D. Cal. June 12, 2015)* (the plaintiff argued it needed discovery to determine if the arbitration agreement he entered into was unconscionable). Similarly, in Cordas v. Uber Technologies, 228 F.Supp.3d 985, 989-90 (N.D. Cal. Jan. 5, 2017), there was no dispute that the plaintiff had downloaded the Uber app and created a user account. The record here is completely different as Uber has failed to produce any evidence that shows Mr. Ziers agreed to arbitrate…").

Here as in the case involving Uber, Tesla submitted evidence <u>in its reply brief</u> that was not the actual warranty document applicable and attempted to strong-arm the Court into believing that the documents were proper and applicable here. However, the Court did not know of the issues with the evidence proffered by Tesla, and may likely have been won over by the declarations submitted <u>in Tesla's reply brief for the first time</u>, both of which were false and perjurious.

**B. FRCP 60(b) Permits Reconsideration Where Tesla Has Fraudulently Misrepresented Facts**

Under Federal Rule of Civil Procedure 60(b), a party may seek reconsideration of a final judgment or court order for any reason that justifies relief, including:

(1)    mistake, inadvertence, surprise, or excusable neglect;
(2)    newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
(3)    fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4)    the judgment is void;

(5)    the judgment has been released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6)    any other reason that justifies relief.

Fed. R. Civ. P. 60(b)(1)-(6).

Here, reconsideration is warranted under Rule 60(b)(1), (2), (3) and (6), because, as detailed below, as to Rule 60(b)(1), Tesla surprised Plaintiffs by proffering false statements and evidence in regards to what the actual applicable warranty document was and Plaintiffs did not have a chance to respond as Tesla did so in their Reply brief; as to Rule 60(b)(20), where Plaintiffs exercised reasonable diligence yet were unable to discover evidence until after the Court issued its ruling; as to Rule 60(b)(3), Defendants introduced false declarations and statements made under penalty of perjury by two Tesla employees, as well as introducing false evidence and attempting to give the court a misimpression of the actual operative warranty document applicable to Plaintiffs; and as to Rule 60(b)(6), the Court committed clear error in its decision to exclude Plaintiffs' evidence and ruling on the admissibility of the same, which resulted in the Court having disregarded Plaintiffs' arguments as to the unconscionability of the agreements at issue, resulting in harsh and inequitable consequences for Plaintiffs.

Reconsideration is especially warranted here, where Tesla has acted fraudulently, or at the very least, recklessly, by introducing evidence it knew or reasonably should have known was false.  Tesla claims that Plaintiffs' arguments regarding the unconscionability of the agreements and warranty documents are just red herrings, however, it is undisputable that Tesla is the only party here that has attempted to mislead and confuse the Court.[3]  Tesla did all that it could to distract and ultimately deceive the Court to wrongly believing that the "Used Vehicle Extended Limited Warranty" that is applicable here is one that was effective September 2017.  (Mot. Doc. 18, p. 8, ln. 18-20).  Furthermore, Tesla urged the Court to believe that customers have the "option to pursue informal arbitration before NCDS." *Id.* at ln. 6-7.  However, this is completely false.  Instead, the warranty documents that are applicable here would

---

[3]  *See Reply,* (Dkt. 18, 6:6-7) ("Nguyen's four-page argument on Tesla's nonbinding dispute-resolution program for warranty disputes is the ultimate red herring.").

be the one that Plaintiffs actually followed step by step and have now been able to conclusively lay foundation for and authenticate to the Court here.  (Nguyen Decl. ¶ 7-9, Exh. B").

Tesla bolstered this fraud upon the Court by submitting the Declaration of Lis Fraser (Doc. 18-4), where Tesla proffered evidence from a Senior Staff Technical Writer that has been with the company for over 6 years.  *Id.*  The Fraser Declaration further tries to establish what Tesla wishes were the operative warranty document by introducing evidence of what it purports to be two versions of Tesla's warranty that were supposedly applicable to the dispute here.  *Id.*  Notwithstanding the fact that Tesla decided to conveniently introduce these misleading documents as evidence for the first time in its Reply Brief, Plaintiffs are also unable to understand the reason as to the lack of a decision by the Court to treat Tesla's evidence as it did Plaintiffs.

In the Supplemental Declaration of Jasjit Ahluwalia (Doc. 18-7), a Tesla software engineer's statements was proffered as evidence, and claiming that the same declarant had personal knowledge of what the actual documents delivered to Plaintiffs were.  The problem here is that Mr. Ahluwalia does not have personal knowledge of whether the documents actually proffered by Tesla as evidence were actually delivered.  In fact, Mr. Ahluwalia merely states that such documents and records "are generated at or near the time of the events they record, either by Tesla employees with personal knowledge of the events or by automated means in response to customer or Tesla actions."  *Id.*  It is clear that Mr. Ahluwalia does not have actual personal knowledge of whether these records or documents were delivered, and perhaps even more interesting is the fact that if the same were actually true, then Tesla should have easily been able to determine what the actual operative warranty document was provided to Plaintiff Nguyen was.  (Nguyen Decl. ¶ 4, Exh. "B").  Instead, Tesla decided to simply try and strong-arm the Court by misleading the Court to believe that its evidence was superior to Plaintiffs'.  Interestingly, Tesla was unable to proffer actual evidence of which warranty document was provided to the Plaintiffs despite allegedly having access to customer purchase data.

The effect of the Courts decision to not consider Plaintiffs' evidence of the warranty document and adopt Tesla's iteration effectively shut down Plaintiffs' arguments against mandatory arbitration.  As Tesla falsely misrepresented to the Court, "[t]he extended warranty applicable to Nguyen states: "[i]n the

event any disputes, differences, or controversies arise between you and Tesla…you may submit your dispute to an optional dispute settlement program…" (Mot., Doc. 18, pg. 9).  This is absolutely false. Here, the actual operative warranty document that controls here and by which Plaintiff Nguyen was aware of and had expressly abided by provides for as follows:

> "Tesla requires that you submit your dispute to our dispute settlement program and wait for a decision to be issued prior to pursuing any remedy under federal or state laws (including 15 U.S.C. Section 2310 or California Civil Code 1793.22(b))…[i]f you are not satisfied with the arbitrator's decision or Tesla's compliance, you may pursue <u>any other legal remedies available to you</u>."

> ((Nguyen Decl. ¶ 4, Exh. "B") (*emph. add.*).

Tesla tries to fake its confidence and further adds insult to injury by touting the fact that the dispute resolution process for Plaintiff Nguyen's vehicle was "crystal clear".  However, Tesla conveniently chose to leave out the fact that said process was not even the one that is applicable here.  Tesla further continues to shame Plaintiff Nguyen by introducing evidence – again, for the first time in its reply papers, of Plaintiff Nguyen's unsuccessful, *pro per*, efforts at obtaining a reasonable resolution with Tesla via Tesla's very own forced dispute resolution process.  However, the Court may not have picked up on the fact that this evidence completely goes to show that Plaintiff Nguyen was truly following the language of the applicable warranty to him all along, which also should have gone towards the foundation and authentication of the warranty document that was proffered in Plaintiffs' opposing brief.  Plaintiff Nguyen attempted to resolve his issues by following the language in his warranty papers, and it was not until losing his second attempt at arbitration when he decided to retain counsel to pursue "any other legal remedies" available to him, which includes the instant class action proceedings.  (Nguyen Decl. ¶¶ 5-8).  Despite Tesla's attempts to portray the conflicting language between the purchase agreement and warranty document as a red-herring, the only thing that is crystal clear here is that the warranty document actually applicable here is not the one that Tesla introduced as evidence.  What is even more clear is the fact that Tesla knowingly and intentionally introduced this fake and inapplicable evidence, supported the same by introducing false and perjurious declarations, all in an effort to send this case to arbitration.

### C.  Reconsideration Would Not Violate the Local Rules

Local Rule 7-18 expressly requires that a motion for reconsideration may not "in any manner repeat any oral or written argument of or in opposition to the original motion."  C.D. Cal. L.R. 7-18.  Here, Plaintiffs are not attempting to bring or assert new arguments.  Rather, Plaintiffs' are respectfully requesting that the Court take the actual and applicable warranty document into consideration.  Due to the Court's erroneous reliance that was based upon Tesla's misleading evidence, the Court erred further by choosing not to consider Plaintiffs' arguments regarding the substantive unconscionability of the arbitration agreements and Plaintiffs' contentions that they did not agree to mandatory arbitration.[4]

The Local Rules of this district are clear in that "[w]hether to grant a motion for reconsideration under Local Rule 7-18 is a matter within a court's discretion." *Milton H. Greene Archives, Inc. v. CMG Worldwide, Inc.,* 568 F. Supp. 2d 1152, 1162 (C.D. Cal. 2008).  Mere attempts by moving parties to reargue prior positions by "directing [the court] to additional case law and arguments which it clearly could have made earlier, but did not is not the purpose of motions for reconsideration under Local Rule 7-18." *Duarte v. J.P. Morgan Chase Bank,* No. CV 13-1105-GHK (MANx), 2014 WL 12567787, at *1 (C.D. Cal. May 19, 2014) (alterations omitted) (citing *Yang Ming Marine Transp. Corp. v. Oceanbridge Shipping Int'l, Inc.,* 48 F. Supp. 2d 1049, 1057 (C.D. Cal 1999)).

Plaintiffs' are not rehashing any arguments here, but to the contrary, are simply seeking relief from the Court's prior decision not to consider Plaintiffs' evidence and arguments.  After having considered Plaintiffs' evidence in support of the arguments that were made in opposition to Tesla's motion, the Court will then be able to issue a ruling after having considered the true facts and evidence that are applicable to this case.  Assuming, *arguendo,* that the Court reconsiders its ruling, strikes Tesla's evidence, and considers Plaintiffs' evidence, yet still reaches the same conclusion in the initial ruling, this result should not detract from the acts of bad-faith that were blatantly committed and the Court should craft an appropriate remedy for the harm caused by Tesla and suffered by Plaintiffs.

---

[4] *Cf. Pollock v. Vanguard Grp., Inc.* No. 17-56814 (9th Cir. Aug. 6, 2019) (Ninth circuit making reference to Local Rule 7-18 and holding that the "district court did not abuse its discretion by refusing to consider [Pollok's] argument concerning the contracts' unconscionability because he did not raise it until his motion for reconsideration.)

**D. Tesla's Actions Are Criminal and Tesla's Counsel Violated the Rules of Professional Conduct**

Tesla's acts of submitting false evidence and perjurious statements by multiple declarants are not only misleading to the Court and injurious to Plaintiffs in the civil law context, but the same acts have implications of criminal liability as well. Under the penalty of perjury, "[w]hoever under oath (or in any declaration, . . .) in any proceeding before or ancillary to any court or grand jury of the United States knowingly makes any false material declaration . . . shall be fined under [Title 18] or imprisoned not more than five years, or both." 18 U.S.C. § 1623(a).  In addition to criminal liability, the crime of committing perjury also implicates ethics rules that are applicable to those who practice before this Court.  Under the California Rules of Professional Conduct, Rule 3.3 "Candor Toward the Tribunal" provides that:

> (a) A lawyer shall not:
>
> (1) knowingly make a false statement of fact or law to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer;
>
> (3) offer evidence that the lawyer knows to be false.  If a lawyer, the lawyer's client, or a witness called by the lawyer, has offered material evidence, and the lawyer comes to know of its falsity, the lawyer shall take reasonable remedial measures, including, if necessary, disclosure to the tribunal…"
>
> CRPC Rule 3.3.

Courts have the inherent authority to deter practitioners from acting in violation of their duty of candor where there is evidence of submitting misstatements or nondisclosure of material facts to the court, which is sanctionable under Rule 11.  *Pipe Trades Council of N. Cal., U.A. Local 159 v. Underground Contractors Ass'n of N. Cal.*, 835 F.2d 1275, 1280-81 (9th Cir.1987); *Mercury Serv. v. Allied Bank*, 117 F.R.D. 147, 159 (C.D.Cal.1987), aff'd 907 F.2d 154 (9th Cir.1990) (imposing Rule 11 sanctions on a party for submitting a declaration with false and misleading information that lacked factual foundation, leading to unnecessary inquiries by plaintiffs and " that demonstrate[d] disrespect for the dignity and authority of the courts").  Tesla and its counsel's conduct are clear indicators of their bad-faith intent to mislead material facts to the Court by use of false evidence and perjurious statements.

Such acts serve as a severe undermining of the integrity in the adversarial process and the Court must issue appropriate relief to deter future conduct by Tesla and its counsel, especially where Tesla and its counsel were expressly informed and were aware of their bad-acts yet failed to take any remedial measures.[5]  Tesla's counsel not only violated the duty of candor to the Court, but here, any attempts to characterize the initial wrongful act cannot be given any weight where Tesla's counsel failed to take any remedial measures to correct or otherwise remedy the initial wrongdoing.  Counsel for Tesla was made expressly aware of the fact that it has submitted false evidence and perjurious testimony yet chose not to do anything about it.  There are simply no excuses or reasons that would possibly exculpate the wrongdoing of Tesla's counsel here.

Rule 11 of the Federal Rules of Civil Procedure permits the Court to impose sanctions on the parties or their attorneys who violate its directive that all papers presented to the court are (1) factually and legally tenable from an objective perspective, (2) not submitted for "any improper purpose," and (3) presented after "an inquiry reasonable under the circumstances." Fed. R. Civ. P. 11(b); see also *Christian v. Mattel, Inc.,* 286 F.3d 1118, 1127 (9th Cir. 2002); *Simpson v. Lear Astronics Corp.,* 77 F.3d 1170, 1177 (9th Cir. 1996).  A pleader's lack of candor by submitting misstatements or nondisclosure of material facts to the court is sanctionable under Rule 11.  *Pipe Trades Council of N. Cal., U.A. Local 159 v. Underground Contractors Ass'n of N. Cal.,* 835 F.2d 1275, 1280–81 (9th Cir. 1987);  *Mercury Serv. v. Allied Bank,* 117 F.R.D. 147, 159 (C.D. Cal. 1987), *aff'd* 907 F.2d 154 (9th Cir. 1990) (imposing Rule 11 sanctions on a party for submitting a declaration with false and misleading information that lacked factual foundation,

---

[5] *See Comment* 5, Cal. Rul. Prof. Proc. Rule 3.3. "Remedial Measures [5] Reasonable remedial measures under paragraphs (a)(3) and (b) refer to measures that are available under these rules and the State Bar Act, and which a reasonable* lawyer would consider appropriate under the circumstances to comply with the lawyer's duty of candor to the tribunal.* (See, e.g., rules 1.2.1, 1.4(a)(4), 1.16(a), 8.4; Bus. & Prof. Code, §§ 6068, subd. (d), 6128.) Remedial measures also include explaining to the client the lawyer's obligations under this rule and, where applicable, the reasons for the lawyer's decision to seek permission from the tribunal*to withdraw, and remonstrating further with the client to take corrective action that would eliminate the need for the lawyer to withdraw. If the client is an organization, the lawyer should also consider the provisions of rule 1.13. Remedial measures do not include disclosure of client confidential information, which the lawyer is required to protect under Business and Professions Code section 6068, subdivision (e) and rule 1.6."

leading to unnecessary inquiries by plaintiffs and "that demonstrate[d] disrespect for the dignity and authority of the courts").

### III.   CONCLUSION

Plaintiffs should not be penalized and prejudiced for being honest and for refusing to make false statements to the Court.  The Court made an erroneous decision not to consider Plaintiffs' arguments and evidence in Plaintiffs' opposition papers.  This decision was reached by the Court after having considered false declarations and fake evidence submitted by Tesla and in violation of the duty of candor by Tesla's counsel.  Any apportionment of fault that may be attributable to Plaintiffs' is minimal, and Plaintiffs' should not be punished for the failure of Plaintiffs' counsel in locating the actual version of the document, where Plaintiffs' counsel made reasonably diligent efforts to do so.

In contrast, Tesla acted with the intent to mislead and misguide the court by submitting false evidence and perjurious declarations. Only after the Court has fully weighed the arguments brought by the parties, and after ignoring any arguments made upon Tesla's false evidence and declarations, will justice have been carried out.  Reconsideration is required here, and the Court should consider the correct and true evidence submitted by Plaintiffs' and consider the arguments asserted by Plaintiffs' regarding the same.  Even if the Court were to issue the same ruling as the April 6, 2020 Order, such decision would have been, at the very least, made upon true facts and decided on the actual merits.

Respectfully submitted,

**LAW OFFICES OF EDWARD C. CHEN**

Dated: May 4, 2020                    By: _/s/ Edward C. Chen_

Edward C. Chen (SBN 312553)
*Attorney for Plaintiffs and the Proposed
Classes*