1

LEWIS BRISBOIS BISGAARD & SMITH LLP
ERIC Y. KIZIRIAN, SB# 210584

2
  E-Mail: Eric.Kizirian@lewisbrisbois.com
ZOURIK ZARIFIAN, SB# 306368

3
  E-Mail: Zourik.Zarifian@lewisbrisbois.com
633 West 5th Street, Suite 4000

4
Los Angeles, California 90071
Telephone: 213.250.1800

5
Facsimile: 213.250.7900

6
Attorneys for Defendant
TESLA, INC.

7

8
UNITED STATES DISTRICT COURT

9
CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

10

11

12

13

| | |
|---|---|
| HUGH NGUYEN, TODD WOLVEN, IAN ELLWOOD, E'RIKA BROCK, individuals, on behalf of themselves and all others similarly situated, | Case No. 8:19-CV-01422-JLS-JDE |
| Plaintiffs, | **TESLA'S OPPOSITION TO PLAINTIFFS' MOTION FOR RECONSIDERATION** |
| vs. | Date:        July 24, 2020 |
| TESLA, INC., a Delaware corporation, | Time:        10:30 a.m.<br>Courtroom.:  10A |
| Defendant. | |

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4827-7861-4465.7

# TABLE OF CONTENTS

**Page**

I.    Introduction ..................................................................................................... 1

II.   Summary of Relevant Facts ........................................................................... 3

   A.    Tesla Moves to Compel Arbitration. ...................................................... 3

   B.    Plaintiffs Threaten an *Ex Parte* Motion in January 2020 Centered Around a "New Warranty Document" They Had Located. ................... 5

   C.    Plaintiffs Confirm Their Reconsideration Motion Is Based on the Same Warranty Document They Had "Located" in January 2020. ........ 6

III.  Standard ........................................................................................................... 7

IV.   Plaintiffs Have No "New Evidence" to Support Their Reconsideration Motion. ............................................................................................................. 8

V.    Plaintiffs Have Not Made a "Manifest Showing" That the Court "Failed to Consider" Any Material Fact Presented. ................................................. 10

VI.   Reconsideration Is Not Justified on the Basis that Plaintiffs' Counsel Misjudged Well-Settled Document Authentication Standards Or on the Basis of Any Claimed "Manifest Injustice." ............................................. 13

VII.  The "New Evidence" Would Not Alter the Court's Analysis Even If the Court Deemed It "New" and Considered It. ............................................... 15

VIII. Plaintiffs' Unfounded Accusations Against Tesla and Its Counsel Are Highly Improper and Utterly False. ............................................................ 17

IX.   Conclusion ..................................................................................................... 19

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4827-7861-4465.7                                    i                          8:19-cv-01422-JLS-JDE

TESLA'S MOTION TO COMPEL INDIVIDUAL ARBITRATION

1

## **TABLE OF AUTHORITIES**

2

3

<u>Cases</u>

4

*Asberry v. Money Store*,
2018 U.S. Dist. LEXIS 216889 (C.D. Cal. Dec. 27, 2018) ............................ 8

5

*Audionics Sys. v. AAMP of Fla, Inc.*,
2015 U.S. Dist. LEXIS 191734 (C.D. Cal. Nov. 4, 2015) ............................ 11

6

*Benham v. Sequoia Equities, Inc.*,
2013 U.S. Dist. LEXIS 108015 (C.D. Cal. May 29, 2019) .......................... 12

7

8

*Brown v. United States*,
2011 U.S. Dist. LEXIS 9215 (C.D. Cal. Jan. 31, 2011) ................................ 7

9

*Brown v. United States*,
2011 WL 333380 (C.D. Cal. Jan. 31, 2011) .................................................... 1

10

11

*Casey v. Albertson's Inc.*,
362 F.3d 1254 (9th Cir. 2004) ...................................................................... 14

12

*Coastal Transfer Co. v. Toyota Motor Sales, U.S.A., Inc.*,
833 F.2d 208 (9th Cir. 1987) ........................................................................ 10

13

14

*Far Out Prods., Inc. v. Oskar*,
247 F.3d 986 (9th Cir. 2001) ........................................................................ 15

15

*Feature Realty, Inc. v. City of Spokane*,
331 F.3d 1082 (9th Cir. 2003) ...................................................................... 10

16

17

*Fuchs v. State Farm Gen. Ins. Co.*,
2017 U.S. Dist. LEXIS 220243 (C.D. Cal. March 6, 2017) ........................ 14

18

*Golden v. O'Melveny & Meyers LLP*,
2016 U.S. Dist. LEXIS 103621 (C.D. Cal. Aug. 3, 2016) ............................ 8

19

20

*Handi Inv. Co. v. Mobil Oil Corp.*,
653 F.2d 391 (9th Cir. 1981) .......................................................................... 8

21

*Ketab Corp. v. Mesriani Law Grp.*,
2015 U.S. Dist. LEXIS 58953 (C.D. Cal. May 5, 2015) ................................ 2

22

23

*Ketab Corp. v. Mesriani Law Grp.*,
2015 WL 2084469 (C.D. Cal. May 5, 2015) ................................................ 11

24

*Lal v. California*,
610 F.3d 518 (9th Cir. 2010) ........................................................................ 15

25

26

*Lambert v. Nutraceutical Corp.*,
2015 U.S. Dist. LEXIS 189206 (C.D. Cal. June 24, 2015) ............................ 7

27

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4827-7861-4465.7                              ii                              8:19-cv-01422-JLS-JDE

TESLA'S MOTION TO COMPEL INDIVIDUAL ARBITRATION

*Latshaw v. Trainer Wortham & Co.*,
    452 F.3d 1097 (9th Cir. 2006)........................................................................14

*Lehman v. United States*,
    154 F.3d 1010 (9th Cir. 1998)................................................................14, 15

*Local Rule 7-18. Cf. Christianson v. Colt Indus. Operating Corp.*,
    486 U.S. 800 (1988) ....................................................................................15

*Madrid v. Vivint, Inc.*,
    2017 U.S. Dist. LEXIS 221800 (C.D. Cal. Dec. 7, 2017) ...........................10

*Manning v. Uber Techs, Inc.*,
    358 F. Supp. 3d 962 (N.D. Cal. 2019) ................................................12, 13

*NCUA Bd. v. Goldman Sachs & Co.*,
    2013 U.S. Dist. LEXIS 181149 (C.D. Cal. July 11, 2013) ...........................8

*PSM Holding Corp. v. Nat'l Farm Fin. Corp.*,
    2013 U.S. Dist. LEXIS 194932 (C.D. Cal. Oct. 8, 2013) ...........................18

*Rowe v. Reeves*,
    2017 U.S. Dist. LEXIS 225603 (C.D. Cal. Oct. 31, 2017) ...........................1

*Tawfilis v. Allergan, Inc.*,
    2015 U.S. Dist. LEXIS 175629 (C.D. Cal. Dec. 14, 2015) ...........................8

*United States v. Martin*,
    226 F.3d 1042 (9th Cir. 2000) ......................................................................7

<u>Rules and Regulations</u>

Fed. R. Civ. P. 59............................................................................................7, 9

Local Rule 7-18 ...........................................................................................passim

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

## I.   INTRODUCTION

The *ad hominem* attacks in plaintiffs' threadbare Motion for Reconsideration (Dkt. 23) ("Motion") do not mask its frivolity.  All four plaintiffs seek wholesale reconsideration of the Court's arbitration order (Dkt. 21) ("Order").  Yet the arguments in the Motion pertain only to Nguyen, who has submitted a "new warranty" version that is neither "new" nor a game-changer, as he contends.  The only thing new is plaintiffs' amped-up rhetoric and false character attacks on Tesla and its counsel.  Otherwise, the Motion regurgitates the same arguments plaintiffs made in opposing Tesla, Inc.'s ("Tesla") motion to compel arbitration,[1] and stands as a prime example why reconsideration motions are "disfavored and rarely granted."[2]

First, the warranty document is not newly discovered evidence.  After briefing on Tesla's motion was closed, but before the Court issued its Order, plaintiffs in January 2020 *twice* threatened *ex parte* motions claiming they had "located the applicable and correct warranty document [that] … directly contradicts and defeats Tesla's assertion[s]" in the arbitration motion.[3]  But plaintiffs did not present this document to the Court.  And they confirmed in pre-Motion discussions this "new evidence" is the *same* warranty document they had in January 2020.[4]  Tellingly, the Motion says nothing about *when* plaintiffs found this document or why it was not presented to the Court earlier. Plaintiffs have not shown either a "material difference in fact … that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration" or "the emergence of new material facts or a

---

[1] Central District Local Rule ("Local Rule") 7-18 ("No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion.")

[2] *Rowe v. Reeves*, 2017 U.S. Dist. LEXIS 225603, at *3 (C.D. Cal. Oct. 31, 2017) (quoting *Brown v. United States*, 2011 WL 333380, at *2 (C.D. Cal. Jan. 31, 2011)).

[3] Declaration of Eric Kizirian ("Kiz. Dec.") ¶¶ 2, 4, Exs. A, C.

[4] *Id.* ¶ 5, Ex. D.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1    change of law occurring after" the Order.  *See* L.R. 7-18(a) or (b).

2          Second, the Motion makes no showing, much less a "manifest showing," of
3    the Court's alleged "failure to consider material facts."  *See* L.R. 7-18(c).  Plaintiffs
4    repeatedly claim the Court "erred by not considering Plaintiffs' evidence and
5    arguments." But even a cursory review of the Motion shows plaintiffs fundamentally
6    *disagree* with the Court's conclusion that the warranty document Nguyen attached to
7    his prior declaration lacked foundation.  Plaintiffs' belief that the "Court erred in
8    making an evidentiary ruling" does show the Court "fail[ed] to consider" any
9    material fact.[5]  Thus, reconsideration is not required under Local Rule 7-18(c) either.

10         Finally, even *if* plaintiffs had met the reconsideration standard, their "new"
11   evidence" does not change the conclusion that plaintiffs agreed to arbitrate their
12   claims.  Plaintiffs' misrepresentations and hyperbole aside, the Motion provides no
13   legal or factual analysis as to how or why the Court's arbitration finding would
14   change with their "new" evidence, even though this burden rests with plaintiffs, not
15   Tesla.

16         Ultimately, the warranty documents are immaterial to the Court's decision.
17   The Court ordered arbitration on the basis of plaintiffs' *purchase documents*, not any
18   vehicle warranties Nguyen received after he ordered his car. And there is no
19   "conflict" between the purchase documents, which require arbitration, and Tesla's
20   vehicle warranties. Both Nguyen's "new" warranty document and Tesla's version
21   state the National Center for Dispute Settlement ("NCDS") may decide certain
22   *warranty* disputes, but neither purports to allow plaintiffs recourse to the courts if
23   they are unsatisfied.  The only difference is that Tesla's version of the warranty
24   document also *reminds* customers of their prior arbitration agreement, and

25

26   _____
     [5] *Ketab Corp. v. Mesriani Law Grp.*, 2015 U.S. Dist. LEXIS 58953, *8 (C.D. Cal.
27   May 5, 2015) ("An argument that the Court's decision is 'simply wrong' is not a
     permissible ground for reconsideration under Local Rule 7-18").
28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4827-7861-4465.7                                  2                          8:19-cv-01422-JLS-JDE
TESLA'S MOTION TO COMPEL INDIVIDUAL ARBITRATION

1   reproduces that agreement "[f]or [the customer's] *convenience*."  This is exactly

2   what Tesla argued in its prior filings.  (Dkt. 15 at 6:26-7:3; Dkt. 18 at 9:20-23 &

3   n.7).[6]

4       The Motion does not support reconsideration, even if the "new" evidence is

5   considered.  This wasteful Motion should be denied in its entirety.

6   **II.    SUMMARY OF RELEVANT FACTS**

7       **A.    <u>Tesla Moves to Compel Arbitration.</u>**

8       On December 4, 2019, Tesla filed a motion to compel arbitration (Dkt. 15)

9   ("Arbitration Motion").  Tesla argued that "each plaintiff agreed, through *at least*

10  *two separate documents*, to arbitrate 'any dispute arising out of or relating to any

11  aspect of the relationship[,]' and had ample time to review (and opt out of) the

12  Arbitration Agreement before finalizing their purchases." (Arbitration Motion at

13  3:2-5 (emphasis added)).  The warranty was not one of the "two separate

14  documents" Tesla cited.[7]  Tesla did note that its Used Vehicle Limited Warranty

15  also "***reminds customers***" of their prior arbitration agreement and ***reprints*** the

16  Arbitration Agreement "for [the customer's] convenience."  (*Id.* at 6-7). Tesla

17  attached a copy of its 2019 "Used Vehicle Limited Warranty" as an exemplar to the

18  Ahluwalia Declaration, who correctly and truthfully represented the attachment as a

19  "true and correct copy of Tesla's Used Vehicle Limited Warranty" with a concurrent

20  website address reference where the attached document can be located.  (Dkt. 15-7 ¶

21  20).  Tesla's briefing makes clear the warranty attached to Ahluwalia's declaration

22  is its 2019 Used Vehicle Limited Warranty.  (Dkt. 18 at 8.)

23  _____

24  [6] Page citations to ECF docket entries herein refer to the page number of the actual
    document located on the footer of the document—not the ECF page number.

25  [7]  Tesla argued that plaintiffs agreed to arbitrate when (1) they "completed an online

26  order for a used Tesla Model S and clicked a 'Place Order' button on the website"
    (Arbitration Motion at 3-4), and (2) "they took delivery of their vehicles" and

27  "*physically signed* documents reaffirming their assent to the Arbitration

28  Agreements." (*Id.* at 6.)

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4827-7861-4465.7                              3                    8:19-cv-01422-JLS-JDE
                        TESLA'S MOTION TO COMPEL INDIVIDUAL ARBITRATION

While Tesla did not claim plaintiffs agreed to arbitrate *through the warranty* document, plaintiffs argued against this straw man in their opposition. (Dkt. 17 at 6). Although they did not dispute their express agreement to arbitrate *during* the vehicle purchase process, plaintiffs manufactured alleged "irreconcilable inconsistencies" between the Arbitration Agreement in their *purchase* documents and the warranty dispute resolution provision in the Used Vehicle Limited Warranty that Nguyen attached to his declaration. But Nguyen did not state this was the warranty for his car; he declared the document was a "true and correct copy of the only Tesla Preowned Vehicle Limited Warranty that [he was] aware of …." (Dkt. 17-1 ¶ 5).[8] No other plaintiff proffered any evidence at all, and none made any argument or showing about warranties they had purportedly received.

Both the warranty document Nguyen originally submitted and his "new" warranty document make clear that NCDS dispute resolution only applies to a small subset of potential disputes "*related to this Pre-Owned Vehicle Limited Warranty*[.]" (Dkt. 17-2 at 8; Dkt. 23-3 at 10 ("[i]n the event any disputes, differences or controversies arise between you and Tesla related to this Tesla Pre-Owned Extended Vehicle Limited Warranty ….")). And both documents state the consumer "may be entitled to pursue a remedy without submitting [to the NCDS] ... if [*as was the case in this lawsuit*] you pursue any rights or remedies not created by [federal or state laws (including 15 U.S.C. Section 2310 or California Civil Code Section 1793.22(b)), also known as the Magnusson-Moss Act and California's lemon law respectively.]" (Dkt. 17-2 at 8; Dkt. 23-3 at 10).

---

[8] Nguyen's most recent declaration purports to provide a copy of a warranty document that was emailed to him after he ordered his car. *See* Declaration of Hugh Nguyen ("Nguyen Decl.") ¶¶ 2, 3 & Exs. A, B [Dkt. 23-1] (referring to email from Robert Jones with subject "Congratulations on Ordering you Model S" as providing "information regarding a Tesla Model S vehicle that [he] *had placed an order for*" and that attached a copy of the "Tesla Pre-Owned Extended Vehicle Limited Warranty[.]").

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

Tesla's reply refocused the analysis back to the purchase documents, which is where plaintiffs agreed to arbitrate.  (Dkt. 18 at 1-6). But because Nguyen had injected an "irreconcilable conflict" argument in his opposition, Tesla responded to it.  Toward that end, Tesla highlighted the limited reach of the NCDS dispute resolution program along with numerous other fallacies in plaintiffs' argument. (Dkt. 18 at 6-8). Tesla also responded to plaintiffs' "bad faith" accusations, which are similar to those plaintiffs make in their Motion.  The reply clarified "***Tesla is not seeking to enforce its current June 20, 2019 Used Vehicle Limited Warranty (Ahluwalia Decl. ¶ 20 Ex. 13) against Nguyen, who purchased in October 2017 [].***"  (Dkt. 18 at 8) (emphasis added).  And to address Nguyen's improperly authenticated warranty document, Tesla submitted a properly authenticated copy of the Used Vehicle Extended Limited Warranty that was "effective from September 2017 until January 2018."  (Dkt. 18 at 8; Dkt. 18-4 ¶ 3).

Ultimately, Tesla's arguments in the Arbitration Motion and in its reply were exactly the same—plaintiffs agreed to arbitrate when they ordered their used cars:

> Under all circumstances, customers who have agreed to the arbitration agreement remain bound by that agreement if they decide to pursue formal legal action.  The fact that Tesla "reproduce[s]" the arbitration clause in some versions of the vehicle warranty, for the customer's "convenience," does not change that result.

(Dkt. 18 at 9:18-23).  In other words, Tesla argued Nguyen's claimed "conflict" was a red herring because "there is only one mandatory arbitration clause" for "all disputes" and the "informal dispute-resolution process—for warranty claims only—does not relieve plaintiffs" of their arbitration obligations.  (*Id.* at 10:1-4).

## B.    Plaintiffs Threaten an *Ex Parte* Motion in January 2020 Centered Around a "New Warranty Document" They Had Located.

On January 20, 2020—after briefing on the Motion had closed, but while the Motion remained pending—plaintiffs' counsel sent an email asking to meet and confer "regarding Tesla's reply brief to Plaintiffs' opposition (L.R. 7-3)."  Kiz. Decl. ¶ 2, Ex. A.  Plaintiffs claimed "Tesla has asserted new arguments and

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4827-7861-4465.7                                         5                                  8:19-cv-01422-JLS-JDE
TESLA'S MOTION TO COMPEL INDIVIDUAL ARBITRATION

introduced new evidence in its reply brief" and claimed this entitled plaintiffs to a sur-reply. *Id.* Plaintiffs also said their sur-reply would address, among other things, "the declaration of Ms. Fraser and the purportedly operative warranty documents that Tesla introduced and relies on in support of the newly asserted arguments" and provide "counter-evidence consisting of additional documents and a supplemental declaration in rebuttal to the evidence that Tesla submitted in its reply brief." *Id.*

On January 22, 2020, Tesla told plaintiffs that a sur-rely would be inappropriate and Tesla would oppose plaintiffs' request for *ex parte* relief. Kiz. Decl. ¶ 3, Ex. B. Tesla clarified that its reply permissibly responded to arguments and evidence *plaintiffs* put at issue through their opposition brief. *Id.* Tesla also noted plaintiffs' desire to provide "'counter-evidence consisting of additional documents and a supplemental declaration in rebuttal to the evidence that Tesla submitted in its reply brief' sounds like a request for a do-over on plaintiffs' opposition." *Id.*

Plaintiffs wrote to Tesla again on January 31, 2020. Kiz. Decl. ¶ 4, Ex. C. In a critical admission that is dispositive under Local Rule 7-18 here, counsel states, in relevant part:

> The warranty document that Tesla proffered in its moving papers is not the same warranty document that it now claims is the operative document. Regardless, both documents that Tesla has now introduced as evidence are both incorrect and inapplicable to the core issues here. ***Plaintiffs have now located the applicable and correct warranty document which is applicable here and directly contradicts and defeats Tesla's assertion that Plaintiffs have a choice of informal consumer arbitration within the warranty or the alleged FAA arbitration per the purchase agreement***.

*Id.* (emphasis added.) Plaintiffs said they "will be applying *ex parte* on Monday, February 3, 2020 for leave to file a sur-reply." *Id.* No motion was filed.

## C.   Plaintiffs Confirm Their Reconsideration Motion Is Based on the Same Warranty Document They Had "Located" in January 2020.

Plaintiffs again wrote to Tesla prior to filing this Motion. In an April 14,

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4827-7861-4465.7                                     6                          8:19-cv-01422-JLS-JDE

TESLA'S MOTION TO COMPEL INDIVIDUAL ARBITRATION

2020 email, plaintiffs said they intended to file a motion for reconsideration "with specific regards to the warranty document *that we had discussed a couple of months back*." Kiz. Decl. ¶ 5, Ex. D (emphasis added).  Tesla responded on April 15, 2020 and said it would oppose reconsideration because plaintiffs cannot satisfy Local Rule 7-18.  *Id.* ¶ 7.  Plaintiffs filed the Motion on May 5, 2020, twenty nine (29) days after the Court issued the Order.  (Dkt. 21, 23).

## III.   STANDARD

"Motions for reconsideration are disfavored and rarely granted." *Brown v. United States*, 2011 U.S. Dist. LEXIS 9215, at *5 (C.D. Cal. Jan. 31, 2011); *Lambert v. Nutraceutical Corp.*, 2015 U.S. Dist. LEXIS 189206, at *4 (C.D. Cal. June 24, 2015) ("Reconsideration is an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." (citations omitted)).  Although plaintiffs seek reconsideration under Fed. R. Civ. P. Rule 59, Rule 60, and Local Rule 7-18, their motion is not timely under Rule 59.[9]  And only Local Rule 7-18 applies here since the Order is an interlocutory decision that does not terminate the action on the merits.  *See Lozano v. AT&T Wireless*, 2003 U.S. Dist. LEXIS 21794, 2003 WL 25548566, at *1 (C.D. Cal. Aug. 18, 2003) ("'While Federal Rules of Civil Procedure 59 and 60 permit reconsideration of final judgments, California Central District Local Rule 7-18 allows [a] motion for reconsideration 'of the decision on any motion.'").[10]  Indeed, the Court *stayed*

---

[9] Rule 59(b) states reconsideration motions "must be filed no later than 28 days after the entry of judgment."  Plaintiffs filed on May 5, 2020, which is 29 days after the Order.

[10] *See also United States v. Martin*, 226 F.3d 1042, 1048 n.8 (9th Cir. 2000) ("Rule 60(b) . . . applies only to motions attacking final, appealable orders"); *Golden v. O'Melveny & Meyers LLP*, 2016 U.S. Dist. LEXIS 103621, at *14 (C.D. Cal. Aug. 3, 2016) ("Rule 60(b) applies only to final orders, and not to interlocutory, non-appealable orders such as the Arbitration Order."); *Asberry v. Money Store*, 2018 U.S. Dist. LEXIS 216889, at *6 (C.D. Cal. Dec. 27, 2018) ("Because Plaintiffs seek reconsideration of an interlocutory [motion to dismiss] order rather than a judgment, (footnote continued)

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4827-7861-4465.7                                        7                              8:19-cv-01422-JLS-JDE

TESLA'S MOTION TO COMPEL INDIVIDUAL ARBITRATION

1   proceedings pending arbitration of plaintiffs' individual claims. Order, pp. 11-12.[11]

2       Local Civil Rule 7-18 provides that a motion for reconsideration may be

3   made only on the grounds of (a) a material difference in fact or law from that

4   presented to the Court before such decision that in the exercise of reasonable

5   diligence could not have been known to the party moving for reconsideration at the

6   time of such decision, or (b) the emergence of new material facts or a change of law

7   occurring after the time of such decision, or (c) a manifest showing of a failure to

8   consider material facts presented to the Court before such decision. L.R. 7-18. These

9   requirements "derive from the 'law of the case' doctrine, which provides that the

10  decisions on legal issues made in a case 'should be followed unless there is

11  substantially different evidence . . . new controlling authority, or the prior decision

12  was clearly erroneous and would result in injustice.'" *White v. Rasmussen*, 2013

13  U.S. Dist. LEXIS 62444, 2013 WL 1832113, at *1 (E.D. Cal. May 1, 2013) (quoting

14  *Handi Inv. Co. v. Mobil Oil Corp.*, 653 F.2d 391, 392 (9th Cir. 1981)).  Of course,

15  "[n]o motion for reconsideration shall in any manner repeat any oral or written

16  argument made in support of or in opposition to the original motion."  L.R. 7-18.

17  **IV.   PLAINTIFFS HAVE NO "NEW EVIDENCE" TO SUPPORT THEIR**

18       **RECONSIDERATION MOTION.**

19       Although plaintiffs argue "[r]econsideration under FRCP 59(e) is warranted

20  _____

21  Rule 59(e) is not an appropriate basis for Plaintiffs' Motion"); *NCUA Bd. v.*

22  *Goldman Sachs & Co.*, 2013 U.S. Dist. LEXIS 181149, at *7 (C.D. Cal. July 11,

23  2013) (because plaintiff "moves for reconsideration of a non-injunctive, non-final

    order, Rule 59(e) does not apply here.").

24  [11] Ultimately, as this Court has recognized, "[c]ourts in this district have interpreted

25  Local Rule 7-18 to be coextensive with Rules 59(e) and 60(b)."  *Tawfilis v.*

26  *Allergan, Inc.*, 2015 U.S. Dist. LEXIS 175629, at *3 (C.D. Cal. Dec. 14, 2015).

    And while neither Rule 59 nor Rule 60 apply here, in an abundance of caution,

27  Tesla addresses any minor variations in the Rule 59 and Rule 60 standards to the

28  extent plaintiffs argue under them.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4827-7861-4465.7                    8                    8:19-cv-01422-JLS-JDE
TESLA'S MOTION TO COMPEL INDIVIDUAL ARBITRATION

here where new evidence has been discovered …[,]" (Motion at 2:6-7), they offer no explanation why they could not "in the exercise of reasonable diligence" have known of the "new evidence" at the time of the Order.  L.R. 7-18(a).  Their entire showing consists of these conclusory assertions:[12]

- "Plaintiff Nguyen and Plaintiff's counsel conducted and made a diligent and reasonable effort to search for the document that Plaintiff had received for his vehicle, personally."  (Motion at 3:6-8);

- "Plaintiff's [sic] counsel made multiple attempts to confirm with Plaintiff Nguyen as to the authenticity and relevance of the warranty document at issue."  (Motion at 3:9-10);

- "Unfortunately, Plaintiff Nguyen and Plaintiffs' counsel were unable to locate Plaintiff Nguyen's document, yet Plaintiff did not lie or misrepresent any facts of the evidence that was introduced in Plaintiffs [sic] opposing brief."  (Motion at 3:13-15);

- "The fact is that Plaintiffs had exercised reasonable diligence in trying to obtain the exact warranty document that Plaintiff Nguyen actually received, however, due to issues encountered with locating the documents and impending filing deadline, Plaintiff Nguyen was able to provide his best personal knowledge, that the terms contained within the warranty document that had ultimately been submitted to the Court as evidence was one that he was aware of and had been following the terms of all along."  (Motion at 4:8-12).

---

[12]  Section II(A) of the Motion leapfrogs between scattershot claims that (1) the Court erred in its evidentiary ruling, (2) the Court "did not consider" evidence, (3) Tesla misled the Court, and (4) the warranty document could not have been located before and is new evidence.  (*See, e.g.*, Motion at 2-6.)  To avoid further muddying the arguments, Tesla responds to the "new evidence" argument here and *separately* to the remaining blended arguments in the appropriate Sections below.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4827-7861-4465.7                           9                      8:19-cv-01422-JLS-JDE

TESLA'S MOTION TO COMPEL INDIVIDUAL ARBITRATION

But plaintiffs miss the mark.  Even if these assertions are true (which seems doubtful), they do not explain *when* Nguyen located the "new evidence" or why he could not present it to the Court *before* the Order.  Plaintiffs' silence on this is understandable given they indisputably had the "new evidence" at the start of the case.  Nguyen states the warranty document has been sitting in his email account since 2017.  (Declaration of Hugh Nguyen [Dkt. 23-1] ("Nguyen Dec.") ¶¶ 2, 3).  And *both* Nguyen and his counsel certainly had their "new" evidence on January 20, 2020—seventy-seven (77) days *before* the Order issued—when they told Tesla they intended to seek leave to file a sur-reply and introduce "counter evidence."  Kiz. Decl. ¶ 2, Ex. A.  "Evidence 'in the possession of the party before the judgment was rendered is not newly discovered ….'" *Feature Realty, Inc. v. City of Spokane*, 331 F.3d 1082, 1093 (9th Cir. 2003) (quoting *Coastal Transfer Co. v. Toyota Motor Sales, U.S.A., Inc.*, 833 F.2d 208, 212 (9th Cir. 1987)); *Madrid v. Vivint, Inc.*, 2017 U.S. Dist. LEXIS 221800, at *7-8 (C.D. Cal. Dec. 7, 2017) ("For purposes of a motion for reconsideration, evidence is not 'new' if it was in the moving party's possession … prior to the court's ruling (citations omitted)).

In short, plaintiffs had the "new evidence" in their possession not later than January 20, 2020.  This precludes any showing that plaintiffs "in the exercise of reasonable diligence" could not have presented the evidence to the Court before the Order issued.

## V.   PLAINTIFFS HAVE NOT MADE A "MANIFEST SHOWING" THAT THE COURT "FAILED TO CONSIDER" ANY MATERIAL FACT PRESENTED.

Without "new evidence" or new law, reconsideration is appropriate only if plaintiffs can make a "manifest showing of a failure [by the Court] to consider material facts presented to [it] before" it issued the Order.  L.R. 7-18(c).  Plaintiffs have not made this showing either for two separate reasons.

*First*, although plaintiffs variously assert that the Court failed to consider the

1   warranty document Nguyen submitted with his opposition,[13] the crux of their claim

2   is "the Court erred by ultimately deciding to disregard the warranty document that

3   Plaintiffs proffered as evidence in opposition to Tesla's effort to compel

4   arbitration." (Motion at 1:7-8). Indeed, plaintiffs argue the Court's evidentiary

5   ruling was wrong no less than *five times* in the Motion. (Motion at 1:7-8; 1:22-25;

6   3:5-6; 3:17-19; 10:5-6). But under Local Rule 7-18(c), a court's failure to consider

7   evidence is what justifies reconsideration, "not the fact that [plaintiffs think] the

8   court reached an incorrect conclusion[.]" *Audionics Sys. v. AAMP of Fla, Inc.*, 2015

9   U.S. Dist. LEXIS 191734, at *31 (C.D. Cal. Nov. 4, 2015) (citing *Ketab Corp. v.*

10  *Mesriani Law Grp.*, 2015 WL 2084469, at *3 (C.D. Cal. May 5, 2015) ("An

11  argument that the Court's decision is 'simply wrong' is not a permissible ground for

12  reconsideration under Local Rule 7-18, and the Court will not reconsider its Order

13  on such a basis")).

14       Plaintiffs do not cite any authority to support their claim that the Court erred

15  in concluding the warranty document Nguyen submitted with his opposition lacked

16  foundation. Of course, this was the *only* possible conclusion—Nguyen practically

17  admitted he had attached a random warranty document when he described it as the

18  "Tesla Preowned Vehicle Limited Warranty *that I am aware of*" (Dkt. 17-1, ¶ 5),

19  even though he now contends he had the allegedly correct document in his email all

20  along. Plaintiffs dispute the Court's conclusion. But a "motion for reconsideration

21  cannot be used to ask the Court to rethink what the Court has already thought

22  through merely because a party disagrees with the Court's decision[.]" *Benham v.*

23  *Sequoia Equities, Inc.*, 2013 U.S. Dist. LEXIS 108015, at *29 (C.D. Cal. May 29,

24  2019) (citations and internal quotes omitted). Plaintiffs have not made *any* showing

25  _____

26  [13] (*See* Motion at 2:22-24) ("the Court decided not to consider Plaintiffs' evidence of

27  the applicable warranty document at issue, and therefore did not consider Plaintiffs' key arguments against compelling mandatory arbitration based upon the argument

28  that the arbitration agreement are invalid and conflicting.")

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4827-7861-4465.7                                11                                8:19-cv-01422-JLS-JDE
TESLA'S MOTION TO COMPEL INDIVIDUAL ARBITRATION

to support reconsideration, much less a "manifest showing" under Local Rule 7-18(c).

*Second*, it is plain the Court did not "fail to consider" Nguyen's prior warranty document submission because the Order expressly addresses its admissibility.  The Motion attempts to cure plaintiffs' flawed earlier submission and re-litigate the same "irreconcilable conflict" argument by offering a different version of the warranty document with better foundation. Plaintiffs inconsistently rely on a "new" document in seeking reconsideration but later proclaim they "are not attempting to bring or assert new arguments." (Motion 10:4).  Plaintiffs' admitted do-over attempt violates Local Rule 7-18 because a motion to reconsider "shall [not] in any manner repeat any oral or written argument made in support of or in opposition to the original motion."

To mask their blatant do-over request, plaintiffs speculate that the Court "[chose] not to consider Plaintiffs' evidence and may likely have been persuaded by Tesla's presentation of the false evidence to the Court." (Motion at 3:18-19; *see also id.* at 2:22-25 (the Court did not consider Plaintiffs' evidence and "was likely swayed by Tesla's introduction" of warranty documents)).  But the Order clearly states the Court disregarded plaintiffs' warranty document because it lacked foundation. And as explained in Section VIII below, plaintiffs' recurrent theme that Tesla misled or lied to the Court is more frivolous than the instant Motion.  Thus, plaintiffs have not shown that reconsideration is justified under Local Rule 7-18(c) either.

Plaintiffs misrepresent *Manning v. Uber Techs, Inc.*, 358 F. Supp. 3d 962 (N.D. Cal. 2019), when they claim it presents a situation "similar" to the one here. (Motion at 5:22-6:14).  The defendant in *Manning* moved to compel arbitration in reliance on an employee declaration which stated that "based on [the employee's] review of documents that (he did not attach to his declaration), [plaintiff] registered with Uber and by doing so agreed to its terms and services, including an arbitration

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4827-7861-4465.7                                    12                          8:19-cv-01422-JLS-JDE
TESLA'S MOTION TO COMPEL INDIVIDUAL ARBITRATION

agreement." *Manning*, 358 F. Supp. 3d at 963.  Plaintiff noticed the employee's deposition and Uber sought a protective order to bar the deposition.

In the context of deciding Uber's protective order motion, the court noted that in the motion to compel arbitration briefing, "there is nothing in [the employee's] declaration—other than his word—that supports Uber's" claim that plaintiff agreed to arbitrate.  *Id.* at 964.  Further, the plaintiff had countered the defendant's document-free assertions with evidence.  *Id.*  So Uber tried to fix the declarant's deficient initial submission on reply by submitting documents attached to its counsel's declaration.  *Id.*  But Uber's attorney had "no personal knowledge of these documents" either.  *Id.*  It was in this context that *Manning* denied Uber's motion for a protective order and supplied the statement plaintiffs quote out-of-context in the Motion: "Uber seems to think that if an Uber attorney or Uber employee says something an opposing party and the court must accept that statement as true."  *Id.*; (Motion at 5:26-6:14 (quoting *Manning* and reproducing the string cite of cases cited therein)).

*Manning* is anything *but* similar to the situation here.  Both Mr. Ahluwalia and Ms. Fraser established the necessary foundation for their statements.  And they each authenticated and supplied the documents they attached to their declarations. Plaintiffs, not Tesla, failed to lay proper foundation, as the Court correctly ruled. *Manning* does not help plaintiffs.

## VI.  RECONSIDERATION IS NOT JUSTIFIED ON THE BASIS THAT PLAINTIFFS' COUNSEL MISJUDGED WELL-SETTLED DOCUMENT AUTHENTICATION STANDARDS OR ON THE BASIS OF ANY CLAIMED "MANIFEST INJUSTICE."

Plaintiffs also are not entitled to reconsideration under the scattershot attorney neglect and general injustice arguments they intersperse throughout their Motion. Plaintiffs attribute part of the outcome to the fault of their counsel—namely, that he "made an error in thinking that there would not be any issues with the way in which the warranty document was authenticated."  Declaration of Edward Chen ¶ 9 (Dkt. 23-4).  Thus, the Motion seeks relief on the basis that "due to inadvertent mistake,

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

excusable neglect, and error of Plaintiffs' counsel, and the difficulties that Plaintiff Nguyen and Plaintiffs' counsel had in obtaining the document left Plaintiff Nguyen with having to verify and authenticate a similar, and original document in the manner that was done." (Motion at 3:10-13; 5:10-13).

But an "error in thinking" of counsel is not the type of "mistake" or "neglect" that could support reconsideration under Rule 60. And perhaps more importantly, counsel offers *no explanation* for why he *decided not to submit* the purportedly "correct" warranty document in the 77-day period after he supposedly found it but before the Court issued its Order. "[C]ounsel's deliberate actions and litigation decisions that a party comes to regret do not suffice to establish mistake under Rule 60." *Fuchs v. State Farm Gen. Ins. Co.*, 2017 U.S. Dist. LEXIS 220243, at *20 (C.D. Cal. March 6, 2017) (citing *Latshaw v. Trainer Wortham & Co.*, 452 F.3d 1097, 1101 (9th Cir. 2006)). Further, "generally, 'parties are bound by the actions of their lawyers, and alleged attorney malpractice does not usually provide a basis to set aside a judgment pursuant to Rule 60(b)(1).'" *Casey v. Albertson's Inc.*, 362 F.3d 1254, 1260 (9th Cir. 2004). And ultimately, as discussed below, the "correct" warranty version here is immaterial to the Court's ruling, which was based on plaintiffs' express agreement to arbitrate in the course of their orders and purchases.

Plaintiffs fare no better on their generic catch-all claim that reconsideration is warranted under Rule 60(b)(6) to avoid a "harsh and inequitable" consequence for plaintiffs. (Motion, p. 7:11-15). Rule 60(b)(6) is used "sparingly as an equitable remedy to prevent manifest injustice." *Lehman v. United States*, 154 F.3d 1010, 1017 (9th Cir. 1998) (quotations omitted). It applies if the moving party can "show both injury and that circumstances beyond its control prevented timely action to protect its interests." *Id.* (citations omitted). "Neglect or lack of diligence is not to be remedied through Rule 60(b)(6)." *Id.* (citations omitted).

Plaintiffs have not made the extraordinary showing that Rule 60(b)(6) requires. As an initial matter, the result here—an order compelling them to resolve

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4827-7861-4465.7                          14                    8:19-cv-01422-JLS-JDE
TESLA'S MOTION TO COMPEL INDIVIDUAL ARBITRATION

disputes in arbitration, rather than in court—is hardly the "harsh and inequitable" consequence contemplated by Rule 60(b). *See, e.g.*, *Lal v. California*, 610 F.3d 518, 524 (9th Cir. 2010) (to receive relief under Rule 60(b)(6), "a party must demonstrate extraordinary circumstances which prevented or rendered him unable to prosecute [his case].'" (internal quotation marks omitted)).  The Order merely shifts the forum for this dispute to arbitration.  Further, the falsity of plaintiffs' repeated claims that Tesla misled the Court is self-evident in the record of Tesla's submissions and as analyzed below.  *See supra* Section VIII.  So too is their belief the warranty documents create a conflict that would unwind their agreement to arbitrate through their purchase documents.  *See supra* Section VII.  The Order was not erroneous, much less "clearly erroneous," even if the warranty documents were properly authenticated and presented before the Order.  Reconsideration and reversal of the Order is not justified even if plaintiffs had presented a procedurally proper request under Local Rule 7-18. *Cf. Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988) ("A court has the power to revisit prior decisions of its own or of a coordinate court in any circumstance, although as a rule courts should be loathe to do so in the absence of extraordinary circumstances such as where the initial decision was clearly erroneous and would work a manifest injustice").

## VII.   THE "NEW EVIDENCE" WOULD NOT ALTER THE COURT'S ANALYSIS EVEN IF THE COURT DEEMED IT "NEW" AND CONSIDERED IT.

Although plaintiffs' failure to satisfy Local Rule 7-18 alone requires that the Motion be denied, substantive consideration of plaintiffs' "new evidence" would not justify a reversal of the Order either.  In a motion for reconsideration based on new evidence, the moving party must also show "that the new evidence is of such magnitude that it would likely have changed the outcome of the case." *Far Out Prods., Inc. v. Oskar*, 247 F.3d 986, 998 (9th Cir. 2001). This is plaintiffs' burden, and they have provided no argument or analysis why the warranty document they proffer would have changed the outcome in the Order.  This, too, is an independent

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1    basis to deny the Motion.

2          In fact, the "new" document would have no impact on the Court's Order.

3    Tesla argued that plaintiffs agreed to arbitrate when they (1) "completed an online

4    order for a used Tesla Model S and clicked a 'Place Order' button on the website"

5    with text immediately below it which states that "[b]y placing this order you agree

6    to the Model S Order Agreement…." (Arbitration Motion at 3-5), and (2) "took

7    delivery of their vehicles" and *physically signed* documents reaffirming their assent

8    to the Arbitration Agreements." (*Id.* at 6).  And while Tesla noted that its Used

9    Vehicle Limited Warranty also "***reminds customers***" of their prior arbitration

10   agreement and ***reprints*** the Arbitration Agreement "for [the customer's]

11   convenience" (*id.* at 6-7), it did not cite the warranty as the source for plaintiffs'

12   arbitration agreement.  The Court concluded the plaintiffs "in fact agreed to arbitrate

13   the dispute" on the basis of the Agreement to Arbitrate in the Order Agreement, a

14   document Nguyen himself relied on "when he invokes the Governing Law

15   provision[.]"  (Order at 6).

16         In opposition, Nguyen attempted to evade his Arbitration Agreement by

17   claiming "irreconcilable inconsistencies" between the Arbitration Agreement

18   contained in plaintiffs' *purchase* documents and in warranty documents showed the

19   he did not agree to arbitration.  This issue was fully briefed before; the same

20   analysis also applies now if plaintiffs' "new evidence" (which largely mirrors the

21   prior warranty document they submitted) is considered.  There is no conflict

22   between the Arbitration Agreement in plaintiffs' purchase documents and their

23   warranty document because, as Tesla argued in its reply, under all circumstances,

24   customers remain bound by the Arbitration Agreement if they decide to pursue

25   formal legal action.  Nguyen's "conflict" claim is a red herring because, as Tesla

26   argued before, "there is only one mandatory arbitration clause that covers all

27   disputes" and the "informal dispute-resolution process—for warranty claims only—

28   does not relieve plaintiffs of their obligation to arbitrate any disputes they want to

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4827-7861-4465.7                                    16                        8:19-cv-01422-JLS-JDE
TESLA'S MOTION TO COMPEL INDIVIDUAL ARBITRATION

pursue." (Dkt. 18 at 10).

## VIII. PLAINTIFFS' UNFOUNDED ACCUSATIONS AGAINST TESLA AND ITS COUNSEL ARE HIGHLY IMPROPER AND UTTERLY FALSE.

The personal and professional character attacks that plaintiffs make against Tesla, Tesla's employees, and Tesla's counsel are intended to incite the Court. They hardly warrant a response. But the seriousness of charges (no matter how frivolous) compel Tesla and its counsel to briefly respond to them.

Neither Tesla, any Tesla employee, nor any Tesla attorney lied, misrepresented facts, or misled the Court at any time or in any manner. Plaintiffs argue in their introduction that:

> Tesla submitted false evidence in the form of a fake and inapplicable warranty document and bolstered such false evidence by submitted [sic] fraudulent and perjurious declarations that Tesla and Tesla's counsel knew were untrue. To make matters worse, Tesla and its counsel failed to even attempt in taking appropriate remedial measures after having learned of the deficiencies in the evidence it presented and relied upon.

(Motion at 1:13-17). The remainder of the Motion repeatedly asserts different flavors of the same baseless accusations. (Motion at 2:25-3:2; 2:19-3:3; 3:13-15; 5:19; 7:6-7; 7:16-24; 8:27; 9:25-27; 11:3-13:2). We address them in turn.

**Mr. Ahluwalia's Declaration and Accompanying Exhibits:** Mr. Ahluwalia truthfully stated that he is a software engineer who has access to and obtained information relating to plaintiffs from Tesla's Salesforce database. (Dkt. 15-7 ¶¶ 1-2). Based on his work in database administration, including with respect to Salesforce, Mr. Ahluwalia testified that "Tesla's Salesforce records are generated at or near the time of the events they record." (*Id.* ¶ 2). And relying on records she personally observed on the Salesforce database, Ms. Ahluwalia provided detailed and accurate information about each plaintiff's vehicle purchase transaction, the documents they received, and the documents they signed, and supplied copies of such documents from the Salesforce database. (*Id.* ¶¶ 3-18). Mr. Ahluwalia's

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

declaration also attaches copies of (1) Tesla's New Vehicle Warranty and (2) Tesla's Used Vehicle Limited Warranty, and provides the URL addresses where these documents are available.  (*Id.* ¶¶ 19-20).  Mr. Ahluwalia's declaration makes no other representation about these warranty documents.  And in its reply brief, Tesla makes clear the used vehicle limited warranty attached to Mr. Ahluwalia's declaration is an exemplar of its 2019 used vehicle limited warranty.  (Dkt. 18 at 8:15-17) ("Tesla is not seeking to enforce its current June 20, 2019 Used Vehicle Limited Warranty (Ahluwalia Decl. ¶ 20 Ex. 13) against Nguyen, who purchased in October 2017.").  Mr. Ahluwalia's declaration is 100% accurate as are the representations that Tesla and its counsel made to this Court.

**Ms. Fraser's Declaration and Accompanying Exhibits:** Ms. Fraser's declaration was necessary to set the record straight after Nguyen submitted an unauthenticated, inapplicable "2014-2015" used vehicle limited warranty with his opposition. Because Nguyen injected a new issue in his opposition, Tesla was allowed to respond to it on reply.  *See, e.g.*, *PSM Holding Corp. v. Nat'l Farm Fin. Corp.*, 2013 U.S. Dist. LEXIS 194932, at *10 (C.D. Cal. Oct. 8, 2013) ("The court may properly consider evidence and argument submitted with a reply that is responsive to points raised in the non-moving party's opposition"). Ms. Fraser is a Senior Staff Technical Writer at Tesla who is responsible for "creating and maintaining content for all vehicle owner-facing documentation" (such as vehicle warranties).  (Declaration of Lis Fraser ¶ 1).  Ms. Fraser's simple, three-paragraph declaration, which is grounded entirely in knowledge acquired through her job responsibilities, attests to and attaches copies of the Tesla Used Vehicle Extended and Limited Warranties that were "effective from September 2017 until January 2018" (*id.* ¶¶ 2, 3)—the time period when Nguyen purchased his used vehicle. Neither Ms. Fraser nor Tesla represented to the Court that Nguyen or any other plaintiff was definitively provided either Exhibit 1 or Exhibit 2 to the Fraser declaration.  The representations Ms. Fraser and Tesla made to the Court were 100%

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4827-7861-4465.7                                    18                        8:19-cv-01422-JLS-JDE
TESLA'S MOTION TO COMPEL INDIVIDUAL ARBITRATION

accurate.

**Tesla's Counsel did not misrepresent any facts or submit any false evidence:** As set forth above, the evidence, arguments, and declarations that Tesla's counsel submitted in support of Tesla's motion to compel arbitration and in its reply were and remain 100% truthful and accurate. Plaintiffs argue that "Counsel for Tesla was made expressly aware of the fact that it has submitted false evidence and perjurious testimony yet chose not to do anything about it." (Motion, p. 12:6-9). This is not true. Plaintiffs' January 20, 2020 and January 31, 2020 meet and confer emails prior to the Order referenced documents they had located, but did not attach them. Kiz. Decl. ¶¶ 2, 4. Plaintiffs supplied their "new" warranty document *after* the Order issued, in connection with an April 15, 2020 meet and confer email that was the precursor to this Motion. *Id.* ¶ 6, Ex. E. For reasons stated here, Tesla's counsel concluded that plaintiffs' "new" document was not actually new, the arguments and evidence submitted in connection with Tesla's motion to compel were truthful and accurate, and the so called "new" document was just as irrelevant to the agreement to arbitrate analysis as the first document Nguyen submitted to the Court. *Id.* ¶ 7. Tesla did nothing wrong by disagreeing with plaintiffs' assertions and dismissing their unfounded threats of a Rule 11 motion.

## IX.   CONCLUSION

The Motion is frivolous. It fails to establish *any* of the requirements for reconsideration under Local Rule 7-18, Rule 59, or Rule 60. Tesla respectfully requests that the Motion be denied.

DATED: July 3, 2020            LEWIS BRISBOIS BISGAARD & SMITH LLP


                              By: _____
                                    Eric Y. Kizirian
                                    Attorneys for Tesla

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

TESLA'S MOTION TO COMPEL INDIVIDUAL ARBITRATION