Edward C. Chen (SBN 312553)
LAW OFFICES OF EDWARD C. CHEN
1 Park Plaza, Suite 600
Irvine, CA 92614
Telephone: (949) 287-4278
Facsimile: (626) 385-6060
Edward.Chen@edchenlaw.com

*Attorney for Plaintiffs and the Proposed Classes*

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUGH NGUYEN, TODD WOLVEN, IAN ELLWOOD, E'RIKA BROCK, individuals, on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>TESLA, INC. d/b/a/ TESLA MOTORS, INC., a Delaware corporation,<br><br>Defendant. | **Case No. 8:19-cv-01442-JLS-JDEx**<br><br>**PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION**<br><br>Date:        July 24, 2020<br>Time:       10:30 a.m.<br>Courtroom:  10A |

Plaintiffs submit this Reply in Support of their Motion for Reconsideration and in response to Defendant Tesla Inc.'s ("Tesla") opposition to Plaintiffs' request for reconsideration.

## I.   ARGUMENT

### A.  Tesla's Opposition Is The Real Red Herring

According to the Oxford English Dictionary, the term "red herring" is defined as "[a] clue or piece of information which is or is not intended to be misleading or distracting.[1] While Tesla and its counsel are clearly fond of using this logical fallacy to suggest that Plaintiffs' positions are irrelevant, the fact is that Tesla's opposition is just one big red herring. Rather than owning up to what originally could have been characterized as honest or inadvertent mistakes, Tesla stubbornly stays the course and tries to mislead the Court once again, by detracting the Court's attention away from the simple issues at hand. Indeed, rather than coming clean with the truth and owning up to their misleading actions and misrepresentations to the Court, Tesla and its counsel seem much more interested in the engagement of launching the same *ad hominem* attacks against Plaintiffs and Plaintiffs' counsel that it hypocritically complains of.

Tesla's efforts of self-exoneration by way of submitting a lengthy opposition brief are truly commendable. However, the fact is that two lies do not make up one truth, and as the saying roughly goes, "to hide a lie, a thousand lies are needed" is spot on here. Interestingly, Tesla contends in opposition that Plaintiffs' motion is "wasteful", yet the lengthy opposition filed by Tesla seems to be the only thing that is "wasteful" here. A simple comparison of the warranty documents that the parties have proffered will clearly and accurately resolve the issues here. Plaintiffs concede that it erred in regard to the initial authentication of the evidence; however, such errors have since been corrected. Even if the Court were to ultimately reach the same conclusion of its initial ruling on the arbitration

---

[1] https://www.lexico.com/definition/red_herring (Last accessed July 6, 2020).

motion, justice would have been upheld, and the Court's determination would have been based upon true facts – and not by trickery or misrepresentation of material facts.

### B.  Tesla Doubles Down On Its Misrepresentations To The Court

Plaintiffs are unable to comprehend the reasoning behind Tesla's continued efforts to mislead the Court.  Tesla and its counsel had multiple opportunities to retract the misrepresentations made and could have owned up to their actions.  Instead, Tesla utilizes its opposition brief as an opportunity to double down on and reaffirm its prior acts.  While Tesla certainly has the right to pursue whichever strategy it would like to pursue, it appears that such strategy consists of a continued effort to mislead and misrepresent the facts.  One clear-cut example of this is seen in Tesla's opposition, here, where Tesla tries to downplay and limit the earlier misrepresentations that were made to the Court.  Tesla would like the Court to believe that it never attributed the warranty document that it proffered as evidence as being applicable to Plaintiffs, stating further that:

> "Tesla makes clear the used vehicle limited warranty attached to Mr. Ahluwalia's declaration is an exemplar of its 2019 used vehicle limited warranty."

> (Tesla's Opp. To Mot. Recon. Dkt. 25, 18:4-7).

Tesla's attempts to downplay the previous misrepresentations made to the Court are futile, and what it tries to claim now is completely different than what it previously had claimed.  Regarding the warranty document that Tesla previously sought to mislead the Court with and to lead the Court to believe was applicable to Plaintiffs, Tesla's reply in support of their arbitration motion clearly does not exactly jive with what they are now trying to claim.

> "[a]t the time of Nguyen's purchase, the warranty applicable to this vehicle was the Used Vehicle Extended Limited Warranty – effective

September 2017 – applicable to vehicles with more than 50,000 miles at the time of sale.  Ahluwahlia Decl. ¶ 3 Ex. 1; Declaration of Lis Fraser ¶ 2 Ex. 1."

(Dkt. 18, 8:18-21).

The only explanation that Plaintiffs can reasonably come up with to reconcile the two statements above is that Tesla either has a serious misunderstanding regarding the definition of the term "exemplary", or perhaps more likely, that Tesla was hoping that Plaintiffs would not be able to call it out like it is, or that this would somehow slip past the Court's review.  Despite what Tesla would now like the Court to believe, the truth is that Plaintiffs version of the warranty document is the applicable document here.  Having established the fact that Tesla's version of the warranty document is inapplicable and was used to mislead the Court, Tesla then argues that which version of the warranty document is applicable does not matter anyway.  Tesla would like the Court to believe that Plaintiffs are bound by the "more formal" dispute resolution contained in Plaintiffs' purchase agreements.  Now this might be the case if Tesla's version of the warranty document were applicable here, since their version does include language that reverts discussion of arbitration back to the purchase agreement.  However, just by reviewing the actual and applicable warranty document that Plaintiffs' have proffered, it becomes very easy to see the significant and substantial conflicts that arise when comparing the dispute resolution process in the purchase agreement and the one that is contained in Plaintiffs' proffered warranty document.  Again, Tesla's reply brief in support of their arbitration motion illustrates the important of determining exactly which warranty document is to be considered.

/ / /

/ / /

/ / /

"[t]he dispute-resolution process applicable to Nguyen's purchase was thus crystal clear: the informal NCDS-process was optional, with binding arbitration available for more formal dispute resolution."

"In any event, there is no substantive conflict between the warranty versions submitted by Nguyen and in the moving papers by Tesla. Both versions give customers the option to submit a warranty dispute to ADR through the informal NCDS dispute-settlement program. Ahluwalia Decl. Ex. 13, Dkt. 15-21. And if they elect to skip NCDS or are not satisfied with the result, they may pursue binding arbitration against Tesla.  Ahluwalia Decl. ¶¶ 4, 9, 12, 16 & Exs. 2, 5, 7, 10."

(Dkt. 18, 9:1-10).

Despite what Tesla would have the Court to believe, the dispute-resolution process is not as "crystal clear" as Tesla tries pointing out.  In fact, the warranty document that Plaintiffs have proffered fails to mention the term or phrase "purchase agreement" whatsoever, and what Tesla has mislead the Court to believe, the actual warranty document that is applicable here provides for a much more different type of dispute resolution than Tesla would have the Court to believe.  To put it rather bluntly, Tesla's assertion in its reply brief to the tune of "[i]n any event, there is no substantive conflict between the warranty versions submitted by Nguyen and in the moving papers by Tesla." is a flat-out lie.

The true and correct warranty that Plaintiffs' rely upon in opposition to Tesla's arbitration motion makes absolutely zero reference to the arbitration agreement in Tesla's purchase agreement, and in fact, makes zero reference to a purchase agreement at all.  Not only does this fact directly contradict the arguments asserted by Tesla in regards to the controlling arbitration agreement, but the failure to consider the arguments made by Plaintiffs on this factor alone would serve as sufficient basis for the Court to grant reconsideration here.

Despite Tesla's attempts to mislead the Court to believe, the dispute resolution processes in Plaintiffs' warranty document and Tesla's purchase agreement are not similar,

nor do they come close to being as symbiotic as Tesla makes them appear to be. The fact is that Plaintiffs had little choice or say in which method they preferred. Instead, as the record clearly shows, Plaintiff Nguyen was adhering to the dispute resolution process that was contained expressly in the warranty document that was provided to him. Tesla's reply brief in support of its arbitration motion serves as confirmation of the fact that Plaintiffs were following the language of the warranty document.

Although Tesla's motives for introducing evidence of two prior NCDS arbitrations that took place between Plaintiff Nguyen and Tesla were likely driven by an intent to ridicule and shame Plaintiff Nguyen, Tesla apparently failed to realize that the evidence of the two prior arbitrations would serve much better use as evidence that is highly probative towards a showing of the level of unconscionability that Plaintiffs face in dealing with Tesla. What Plaintiffs are simply trying to achieve by introducing the correct warranty document here is to disprove Tesla's misleading statements and assertions of fairness with their dispute-resolution processes. By comparing the following sections from Plaintiffs' proffered warranty document and contrasting them with Tesla's purported and misleading version of their dispute resolution process, it is clear that Plaintiffs never actually agreed to final and binding arbitration to resolve their disputes.

> "The Magnuson-Moss Warranty Act is the federal law which governs this Pre-Owned Vehicle Limited Warranty. Many jurisdictions have laws, commonly called "Lemon Laws," that provide you with certain rights if you have problems with your Pre-Owned vehicle. These laws vary depending on the state, province or territory. Your Pre-Owned vehicle and its safety items comply with applicable provincial and territorial motor vehicle laws."

> "To the fullest extent allowed by the law of your jurisdiction, Tesla requires that you first provide Tesla, during the applicable warranty period specified in this Pre-Owned Vehicle Limited Warranty, with written notification of any defects you have experienced within a reasonable time to allow Tesla an opportunity to make any needed

repairs, and to submit to our dispute settlement program, before you pursue any remedy under these laws."

"**Tesla requires that you submit your dispute to our dispute settlement program and wait for a decision to be issued prior to pursuing any remedy under federal or state laws** (including 15 U.S.C. Section 2310 or California Civil Code Section 1793.22(b)), although you may be entitled to pursue a remedy without submitting under certain state laws or if you pursue any rights or remedies not created by these laws.

"**If you are not satisfied with the arbitrator's decision or Tesla's compliance, you may pursue any other legal remedies available to you.** NCDS findings and decisions are admissible as evidence in any legal proceedings concerning your vehicle."

(Dkt. 23-2, "Tesla Pre-Owned Vehicle Limited Warranty") (*emph. add*).

Now that Plaintiffs have been able to properly authenticate and submit sworn declarations made under oath and under penalty of perjury attesting to the veracity of the same, the warranty document that was relied upon and followed by Plaintiff Nguyen clearly shows the unconscionability of Tesla's assertions that Plaintiffs agreed to final and binding arbitration.[2] Plaintiffs' proffered warranty document is material, relevant, and substantive evidence that the Court should have considered prior to issuing its ruling on arbitration. Plaintiffs strongly urge the Court to grant the reconsideration motion and, at the very least, take the full arguments asserted by Plaintiffs into consideration and then issue a ruling having fully considered the same.

### C. Tesla and Tesla's Counsel Are The Only Parties Who Appear Incited

Tesla states in its opposition brief that Plaintiffs motion is frivolous and that Plaintiffs were intentionally seeking to incite the Court. This is false. Plaintiffs do not wish to incite anyone, and Plaintiffs only intent was the bring light to the actions and errors

---

[2] *See* Dkt. 23-1, Declaration of Hugh Nguyen, Ex. A, "Tesla Pre-Owned Vehicle Limited Warranty".

which have led to this current situation.  If Plaintiffs' assertions are as frivolous and baseless as Tesla says, perhaps it would have been better to respond by simply denying the assertions?

While Plaintiffs are reluctant to inundate the Court with a discussion of basic ethics and principles here, there are several allegations and mischaracterizations contained in Tesla's opposing brief that must be addressed.  In doing so, Plaintiffs and Plaintiffs' counsel are aware and cognizant of the Civility and Professionalism Guidelines of the Court, and in particular, Section 8, titled "Written Submissions to a Court, Including Briefs, Memoranda, Affidavits, Declarations, and Proposed Orders" contain several guidelines, including the following:

- "Unless directly and necessarily in issue, we will not disparage the intelligence, morals, integrity, or personal behavior of our adversaries before the court, either in written submissions or oral presentations."[3]

Plaintiffs' motion for reconsideration is based upon the fact that Tesla introduced incorrect and inapplicable evidence, and now having submitted its opposition brief, it is clear that Tesla is fully intent on staying the course by misleading the Court by blatantly misrepresenting facts.  Despite the complaints raised by Tesla and its counsel, the personal morals, integrity, and personal behavior the same are directly at issue here, and yet, Tesla has resorted to mud-slinging to try and suggest that Plaintiffs' counsel has committed similar wrongdoing.

To be clear, any fault attributable to Plaintiffs and Plaintiffs' counsel is completely different than the actions committed by Tesla and its counsel.  The errors and shortcomings

---

[3] United States District Court for the Central District of California, Civility and Professionalism Guidelines, https://www.cacd.uscourts.gov/attorneys/admissions/civility-and-professionalism-guidelines#Written%20Submissions (last visited July 7, 2020).

of Plaintiffs and Plaintiffs' counsel's is more indicative of inexperience and the relative difficulties that any solo practitioner in their first year of going solo might face. Again, Plaintiffs should not be prejudiced by errors committed by their counsel that do not rise above the level of excusable neglect or inadvertent error that would otherwise provide sound reasoning for a denial of the relief as requested.

### D. Tesla's Noble Yet Failed Attempts to Defend and Exonerate Its Declarants

Tesla's attempts to exonerate its declarants are also to no avail. Tesla's opposition provides that Mr. Ahluwalia relied on records that were "personally observed" and "provided detailed and accurate information about each plaintiff's vehicle purchase transaction, the documents they received, and the documents they signed, and supplied copies of such documents" (Dkt. 25, 17:24-28). If Mr. Ahluwalia actually saw the alleged database for Plaintiff Nguyen as Tesla purports, then why did Tesla fail to provide the same e-mail and correct warranty document that Plaintiffs were subsequently able to? In that regard, and with permission of the Court, Plaintiffs respectfully request that Mr. Ahluwalia and Ms. Fraser be made available for cross-examination pursuant to Local Rule 7-8.[4]

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

---

[4] The offering party shall be under no obligation to produce the declarant unless the Court has granted the request to cross-examine by written order not later than three (3) days prior to the hearing. No declaration of a declarant with respect to whom such a request has been granted shall be considered unless such declarant is personally present and available at the hearing for such cross-examination as the Court may permit. The Court may, in the alternative, order that the cross examination be done by deposition taken on two (2) days' notice with the transcript being lodged five (5) days prior to the hearing..." L.R. 7-8.

## II.    CONCLUSION

The issues regarding Plaintiffs' initial attempts to authenticate the true and correct warranty document which served as the basis for the Court's decision not to address Plaintiffs' arguments regarding the substantive conflict and unconscionability of an alleged agreement to mandatorily arbitrate have since been corrected and resolved.

With the actual operative warranty document now having been properly authenticated and proffered as evidence, Plaintiffs' respectfully request that the Court consider Plaintiffs' arguments – and ultimately reverse the order granting individual arbitration and preclusion of class claims.

Dated: July 10, 2020                         Respectfully submitted,

LAW OFFICES OF EDWARD C. CHEN

By:    /s/ Edward C. Chen
       Edward C. Chen (SBN 312553)
       *Attorney for Plaintiffs and the Proposed*
       *Classes*